NEW-YORK,
May, 1829.

Hall
v.
Tuttle.

---

## HALL *vs.* TUTTLE.

DEMURRER to pleadings. The action is replevin. The declaration contains two counts, alleging the taking of a sloop with her apparel, furniture, &c. at Coxsackie, in the county of Greene, on the 20th June, 1826. The defendant, as sheriff of the county of Greene, avowed the taking of the sloop by virtue of an execution issued on a judgment against one James Hatch, who he averred was owner of the same; that the execution was issued and delivered to him on the 19th in the possession of the defendant in the execution, where such property, after the levy, came peaceably into the possession of the owner, and was *re-taken* by the sheriff.

*Replevin* will lie by the owner of goods against a *sheriff* for the recovery of property, levied upon by him by virtue of an execution against a third person, the property at the time of the levy being the levy, came

May, 1826 ; that it was tested the 13th day of May and re-turnable at the then next August term ; and that by virtue thereof, at the several times in the declaration mentioned, he did seize and levy upon the sloop as of the goods and chat-tels of Hatch, the same then being *in the actual possession of Hatch.* The plaintiff pleaded to the avowry, (admitting the judgment, execution and levy,) that a long time before the time in the declaration mentioned, to wit, on the 19th May, 1826, the defendant levied on the sloop, then being in the possession of Hatch ; and that afterwards, viz. on the 1st June, 1826, at New-York, to wit, at Coxsackie, Hatch still being in the actual possession of the sloop, delivered the same to the plaintiff, who then, and at the time of the levy, was the true and *lawful owner thereof,* and entitled to the ac-tual possession thereof, which sloop so continued in his actu-al possession, he being the owner, until the 20th June, 1826, when the defendant, *by pretence of the execution and in his own wrong,* took the sloop and unjustly detained her against sureties and pledges. To this plea the defendant demurred.

*J. L. Bronk,* for defendant. Replevin will not lie for goods taken· in execution being in possession of the de-fendant in the execution at the time of the levy. All the English authorities lay down this rule, and there is no excep-tion to it. (1 *Sch. & Lef.* 320 to 326. 1 *Chitty's Pl.* 160. *Woodf.* 389, 390, 576. *Willes' R.* 672, note b. 2 *Strange,* 1184. 6 *Comyn's Dig. Replevin, D.*) And in England it has been held a contempt of the court to take out a replevin in such a case. (1 *Chitty,* 160. 2 *Str.* 1184.) This court have recognized the rule as established by the cases decid-ed in England, in 14 *Johns. R.* 84, 15 *id.* 402, and 19 *id.* 232. And in 5 *Mass. R.* 280, Ch. J. Parsons says, " Chattels in the custody of the law cannot at *common law* be replevied ; but if the goods are wrongfully taken by virtue of legal pro-cess, the remedy of the owner is by action of trespass or tro-ver against the officer."

In the case of *Clark* v. *Skinner,* (20 *Johns. R.* 465,) Mr. Justice Platt seems to hold a different doctrine ; but his opin-ion was not concurred in by the other judges, nor is it sup-

ported by the cases or illustrations adduced. The principle contended for by him, however, affects not this case; for here the plaintiff admits that at the time of the levy, the defendant in the execution was in the *actual* possession of the vessel; not even a constructive possession is set up in the plaintiff. Hatch, therefore, was in the *legal possession* of the property.

The fact of the plaintiff's having obtained possession of the vessel after the levy, gave him no better right to maintain replevin than he had before. By the levy, the sheriff acquired a special property in the vessel. (8 *Johns. R.* 548. 12 *id.* 403.) After a levy, goods are considered in the custody of the law. (17 *Johns. R.* 128. 1 *Cowen,* 328. 3 *Cowen,* 279.)

Replevin cannot be resorted to to take property out of the possession of the sheriff, because the proceedings in that action are not adapted to such a case. Suppose a judgment of *de retorno habendo* for the sheriff, an *elongata* returned, a *capias in withernam* issued, and other property of the plaintiff in replevin taken by the coroner, what is to be done? The sheriff cannot sell the property, for it is not of the goods of the defendant in the execution. He cannot levy on it by virtue of the execution in his hands, for the return day will have passed. How can the plaintiff in the execution reach it? If replevin will lie at the suit of one party, it will at the suit of another; and after a decision in this cause on the merits in favor of the sheriff, a new replevin may be brought and suits commenced *ad infinitum,* and the plaintiff in the execution forever prevented from obtaining satisfaction of his judgment.

*A. L. Jordan* and *S. A. Foot,* for plaintiff. By the demurrer, it is admitted, as averred in the plea, that the plaintiff was the true owner, and entitled to the actual possession of the sloop at the time of the levy, and that the sloop was delivered to him by the defendant in the execution.

The original taking by the defendant was wrongful, and did not divest the plaintiff, who was the owner. He might

re-take his property wherever he could find it, or bring his action. (1 *Chitty,* 151. 11 *Johns. R.* 285. 7 *T. R.* 285. 14 *Johns. R.* 406.)

The second taking is not made good by the first. The doctrine of relation only applies between the same parties, and is admitted in furtherance of right, but never to work a wrong. (*Jacobs' L. D. tit. Relation. Co. Litt.* § 310.)

Although, perhaps, the sheriff might be protected for making a levy on the goods of a stranger in the possession of the defendant in the execution, he can claim no such protection when he *re-takes* goods out of the possession of one person on an execution against another. In doing so, he acts at his peril.

*By the Court,* SUTHERLAND, J. It is well settled, as a general rule, that replevin will not lie for goods taken under a regular and valid judgment and execution, the goods being in the possession of the defendant in the execution at the time of the levy. Goods taken in execution are in the custody of the law, and it would be repugnant to sound principles to permit them to be taken out of such custody, when they are found by the officer in the possession of the defendant in the execution. (14 *Johns. R.* 87. 15 *id.* 402. 19 *id.* 32. 5 *Mass. R.* 283. *Willes' R.* 672, *note b.* 2 *Strange,* 1184. 1 *Chitty's Pl.* 160. 1 *Sch. & Lef.* 320. *Com. Dig. Replevin D.* 3 *Black Com.* 148. *Marshall* v. *Davis,* 1 *Wendell,* 109.) This rule, however, was held in *Clark* v. *Skinner,* (20 *Johns. R.* 465,) not to apply to the case of the goods of a master or principal taken under an execution against his servant or agent while in his possession. Chief Justice Spencer and Judge Woodworth put their opinions solely on the ground that the chattels were in that case to be deemed as taken from the *actual* possession of the plaintiff, (who was not the defendant in the execution,) the possession of the servant or agent being the possession of the master or principal. Judge Platt, however, held that the rule was applicable only to cases where *the defendant in the execution* was plaintiff in replevin, and that a *stranger,* whose property is wrongfully taken on an execution against another person, while in his manual custody, may maintain the action.

NEW-YORK,
May, 1829.

Scott
v.
Leiber.

It is admitted by the demurrer in this case, that the plain-tiff was the true owner of the property in question, *and enti-tled to the actual possession thereof* at the time of the original levy by the defendant ; and that subsequently to such levy, James Hatch, the defendant in the execution, delivered the property into his actual possession, where it remained when it was taken by the defendant. Whether Hatch was the servant or bailee of the plaintiff does not appear ; nor is it material. He had but a temporary possession of the sloop, which the plaintiff had a right at any time to terminate. It would seem that upon the principles established in *Skinner* v. *Clark*, the plaintiff might have maintained this action, even if the sloop had not been put into his actual possession subsequent to the levy. Having the general property and the right to immediate possession, I do not perceive why he could not have maintained trespass against the sheriff upon the original taking. (1 *Chitty*, 187, 167. 11 *Johns. R.* 286. 2 *id.* 46. *Dougl.* 40. 1 *Ld. Raym.* 733. 5 *Burr.* 2631.) The sheriff levies at his peril, if the property does not belong to the defendant in the execution.* But the true owner having obtained the peaceable possession of the property subsequent to the levy, the second taking by the sheriff was clearly a trespass, and replevin will well lie.

Judgment for plaintiff in demurrer.

*Sed vide* 1 *Burr.* 20 ; 1 *Black. R.* 65 ; 1 *T. R.* 475.