## DUNHAM vs. WYCKOFF.

A person having the property in goods and chattels, and having the right to reduce them to actual possession, may bring replevin against an officer who takes them by virtue of an execution out of the possession of the defendant in the execution.

The principle that goods taken in execution are in the custody of the law, and cannot be taken out of such custody, when the officer has found them in, and taken them out of the possession of the defendant in the execution, applies only as between the defendant and the officer.

DEMURRER to plea. The plaintiff declared in replevin for taking a quantity of household furniture, averring the same to be his goods and chattels. The defendant avowed the taking as sheriff of the county of Kings by virtue of a writ of *testatum fieri facias* in a suit of R. Wells against Daniel S. Griswold as the goods and chattels of Griswold, the same being in the possession of Griswold. The plaintiff demurred to this avowry, and the defendant joined.

*J. Coit & H. W. Warner,* for plaintiff, cited Bull. N. P. 53: 7 Taunt. 72; 7 Johns. R. 140; 20 id. 465; 1 Wendell, 109.

*G. Griffin,* for defendant, cited 7 Johns. R. 140; 14 id. 84; and insisted that the decision of the court in 20 Johns. 465, or at least of a majority of the judges in that case, was founded upon the assumption, that when the property was taken, it was in the *constructive* possession of the plaintiff in the replevin suit.

*By the Court,* SAVAGE. Ch. J. By the pleading it is ad-  
mitted that at the time of the taking, the property was in the  
plaintiff, and the possession in Griswold, the defendant in the  
execution; and the question is, whether replevin lies?  
Since the case of *Pangburn* v. *Patridge,* (7 Johns. R. 142,)  
it has been settled that replevin lies where trespass *de bonis  
asportatis* will lie. The plaintiff must have property general  
or special, and possession either actual or constructive. In  
*Thompson* v. *Button,* (14 Johns. R. 84,) Chief Justice  
Thompson lays down the broad proposition, that as a gener-  
al principle, it is undoubtedly true, that goods taken in exe-  
cution are in the custody of the law, and cannot be taken  
out of such custody when the officer has found them in and  
taken them out of the possession of the defendant in the exe-  
cution. In *Clark* v. *Skinner,* (20 Johns. R. 467,) Mr. Jus-  
tice Platt has shewn very conclusively, that that proposition  
is correct only as between the defendant in such execution  
and the officer; and in such a case, it was applied in *Gard-  
ner* v. *Campbell,* (15 Johns. R. 401.) A variety of cases are  
stated by Mr. Justice Platt, in which an action of trespass  
would be a very inadequate remedy. The case of *Thomp-  
son* v. *Button,* was decided upon the principle of *Pangburn*  
v. *Patridge,* and was a case where the property taken by  
virtue of the execution was taken from the possession of the  
plaintiff in the replevin, and not from the possession of the  
defendant in the execution. The same principle laid down  
in *Pangburn* v. *Patridge* was recognized in the [late cases of  
*Marshall* v. *Davis,* (1 Wendell, 199,) and *Hall* v. *Tuttle,* (2  
Wendell, 475.) [The plaintiff having the property in the  
goods in question, had the constructive possession; for the  
property draws to it the possession./ The plaintiff therefore  
had the right to take possession at pleasure, and could have  
sustained trespass; and replevin and trespass in such cases  
are concurrent remedies.'

The plaintiff is entitled to judgment on the demurrer with  
leave to the defendant to amend on payment of costs.