SEYMOUR and others *vs.* DASCOMB.

Where an *appeal* from a justice's judgment is duly made within the time lim-
ited by statute, and notice thereof served on the justice who grants a
certificate of the fact, a constable who has received from the defendant in
the execution the amount thereof, on the certificate being presented to him
is authorized to *return* the money to the defendant.

ERROR from the Onondaga common pleas. Dascomb sued
Seymour, a constable, and his bail, in a justice's court, for the
amount of an execution in favor of Dascomb, against one
M'Kimby, alleged to have been collected by Seymour; and
for not returning the execution. The defendants pleaded the
general issue, and gave notice of special matter which they
would prove on the trial. The justice rendered judgment
against the defendants, who appealed to the Onondaga com-
mon pleas. On the trial in that court the following facts ap-
peared: On the 3d March, 1832, Dascomb obtained a judg-
ment before *S. H. Greenman*, Esq. a justice of the peace,
against M'Kimby, for $40,75, upon which an execution was
issued on the same day, and delivered to Seymour, a consta-
ble, to be collected; and on the same day Seymour levied up-
on property of M'Kimby, to relieve which from the execution,
M'Kimby paid the amount of the same to Seymour. On the
12th March M'Kimby obtained the *allowance of an appeal*, and
on the 31st March served the same on Mr. Justice Greenman,
who on the same day delivered to M'Kimby a *certificate* that
an appeal had been duly made. This certificate was served
upon the constable on the 10th April, 1832, and he repaid to
M'Kimby the amount received from him on the execution.
The question submitted to the court was whether these pro-
ceedings exonerated the constable. The common pleas were
of opinion that they did not; and a jury, under the charge of
the court, found a verdict for the plaintiff, on which judgment
was entered. The defendants sued out a writ of error.

*F. G. Jewett*, for plaintiffs in error.

*A. Kellogg*, for defendant in error.

ALBANY,
Oct. 1834.

Seymour
v.
Dascomb.

*By the Court,* NELSON, J. The appeal by M'Kimby was duly made within the time limited by the statute but the execution having been issued on the judgment on the day it was rendered, and the property of the defendant having been levied upon, and he, to relieve the same from the execution, having paid the amount thereof to the constable, who, on the production of the justice's *certificate,* repaid the amount received by him to M'Kimby, the material question in the case is, whether the officer was authorised to return the money, under the 193d section of the statute, 2 R. S. 259, which directs him, on the production of the certificate, to *forthwith relieve the goods and chattels* from the execution. A case like this probably did not occur to the legislature, and was not, in their view, in the enactment of the law ; and it can therefore be disposed of only by force of construction.

It is clear, the payment of the judgment *before* the appeal is not within the contemplation of the law, for all the provisions regulating this proceeding are founded upon a contrary idea, besides guarding expressly against a collection of the money. The bond is given to secure the ultimate payment of the judgment in the court above, with interest and costs, if for the appellee ; or below, in case appeal is dismissed. The trial and judgment must be had without regard to the payment of the judgment before the justice, and upon the same pleadings as below. 2 R. S. 262, § 214, 217, 218.

If the money, then, is recovered from the constable, the plaintiff must pay it back to the appellant, under any event of the appeal suit, or gross injustice will be done to him ; for if the appellee recovers, he may, and we are to presume will, collect his judgment and interest in defiance of this payment. There is no contingency that can occur which will prevent this, if he recover on the appeal. It is true, the plaintiff may, if he pleases credit the amount; but the rights of one man are not to depend upon the volition of another, in the administration of justice. We are to assume the plaintiff will demand all that the law will give him in case of a recovery, and that indisputably will be the judgment, interest and costs, collected by execution, or by suit upon the bond.

Assuming that the money should be collected in this suit, and that the appellant could recover it back with interest, which beyond all doubt, he should be permitted to do, when could he do so ? The plaintiff would probably say, after the result of the appeal suit, and the collection of the judgment there. But we see no necessary connection between this recovery, or money, and that suit ; they are wholly independent of each other in every respect as has already appeared.

It is obvious, from the above view, that the court must resort to construction, in order to determine the rights of the parties in the case, under any aspect of it: and we are of opinion that the soundest disposition of it, and the one most in conformity to the intent of the legislature and the spirit of the law, will be to sustain the construction of the defendants. The money is not strictly goods and chattels in this case, within the meaning of the section, but it is the equivalent for them, and without any strained view, may be deemed to fall within its meaning and spirit. It is worthy of remark, also, that for many purposes money is included within the terms *goods* and *chattels*, which comprehend all a man's personal or moveable property. The revised statutes, 2 R. S. 366, § 18, 19, also expressly authorise a levy upon gold or silver coin or bank bills ; and in such a case there could not be a doubt as to the propriety of the officer returning them upon the presentation of the certificate. This court had before decided that money could be levied on, on the ground that it fell within the terms goods and chattels. 12 Johns. R. 220. id. 395.

Judgment reversed.