IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

AT JANUARY TERM, 1848.

---

### BROWN ET AL. v. BISSETT

---

In replevin, the defendant avowed the taking of the goods and chattels, &c. by virtue of an attachment against certain non-resident debtors, averred that said goods were the goods of the said debtor, and not of the plaintiffs, and prayed a return.

*Held,* That there is an obvious distinction between the case where the defendant, an officer holding process, justifies or avows under that process, as taking the goods of the plaintiff in replevin, and where the process is against a third person, not the plaintiff in replevin. If of the plaintiff in replevin, the plaintiff in such case may deny the writ by *nul tiel record,* or he may traverse the matter of mere fact alleged in the plea or avowry. But if the process is against a third person not the plaintiff, the denial of property becomes the material allegation, and the plaintiff will not be permitted to pass by this traverse and deny the matters in the introductory part of the plea, although set out in the form of avowry.

267

Brown et al. v. Bissett.

Pleas therefor by the plaintiffs denying the matter alleged in the introductory part of the defendant's plea or avowry, as the existence of the writ of attachment, the proceedings of the Sheriff, levy, &c. held bad.

On demurrer.   Argued before the CHIEF JUSTICE, and Justices WHITEHEAD, CARPENTER, and RANDOLPH.

This was an action of replevin, brought for goods and merchandize, seized and taken by the defendant, who was the Sheriff of the county of Middlesex.   The defendant having obtained permission to amend (See *Ante p.* 46), filed the following amended pleas :

And the said Asher Bissett, by J. V. D. his attorney, comes, and defends the wrong and injury when, &c. and as the Sheriff of the county of M. in the state of N. J., well avows the taking of the goods and chattels in the said declaration mentioned at the said place in which, &c. and justly, &c. because he says that at the time when, &c. and for a long time before, to wit, one year, he was the Sheriff of said county of M., and that before the commencement of this suit, to wit, on the 22d August, 1845, one D. M., not being then a resident in the state of New Jersey, but being at that time indebted to C. A. B., B. G., and R. H., partners trading under the name and firm of " Bulkley, Graham & Co.," in the sum of nine hundred and thirty dollars, the said C. A. B. one of the members of the said firm of "Bulkley, Graham & Co.," on the said 22d day of August aforesaid, before M. B., Esq., then being one of the Justices of the Peace of the said county of M., made oath in writing, among other things, that the said D. M., against whose estate an attachment was about to be issued, was not, to the knowledge or belief of the said C. A. B., at that time resident in the state of New Jersey, and that the said D. M. then owed to the said B. G. & Co. (partners as aforesaid), the said sum of $930, as nearly as the said C. A. B. could then specify, and that the said oath duly made as aforesaid was on, &c. delivered to the clerk of the Circuit Court of the said county of M., and was on, &c. by the said clerk duly filed in his office of clerk aforesaid, and that after filing of the said oath as aforesaid, and on, &c. a writ of attachment duly sealed by the said clerk, was duly and lawfully, and in due form of law issued by the said clerk out of and under the seal of the said court, at the suit of said B. G. & Co.

against the said D. M., which said writ of attachment was addressed and directed to the Sheriff of the said county of M., and was on, &c. delivered to the said defendant as the Sheriff of the said county, in which said writ of attachment the said defendant as Sheriff as aforesaid was commanded, among other things, to attach the rights and credits, monies and effects, goods and chattels, lands and tenements, of the said D. M. wheresoever they might be found in the said county, so that the said D. M. should be and appear before the said Circuit Court to be holden at N. B., in and for said county, on, &c. then next ensuing, in the term of August of the said court, to answer unto the said, &c. of a plea of trespass on the case to their damage of $2,000 ; upon the sealing and issuing of which writ of attachment the said clerk forthwith entered in a book by him provided and kept for that purpose, the names of the plaintiffs and defendants in the said writ of attachment, the sum or amount therein specified, and the time of sealing the same.

And the said defendant in fact says, that afterwards, and on the said 22d Aug. 1845, he the said defendant, by virtue of the said writ of attachment, directed and delivered to him as aforesaid, and in obedience to its directions, in the presence of S. G., a credible person at the place aforesaid, did attach and take the said goods and chattels in the said declaration mentioned as the goods and chattels of the said D. M., and that the said defendant, at the time and place last aforesaid, by virtue of the writ aforesaid with the assistance of S. G., a discreet and impartial freeholder, did make a just and true inventory and appraisement of the said goods and chattels in the said declaration mentioned, and by him attached as aforesaid, as the property of the said D. M., which said inventory and appraisement were dated on, &c. and signed by the said defendant, and the said freeholder, and were annexed to, and returned with the said writ, which writ was returned to the said Circuit Court by the said defendant on, &c. aforesaid, according to the command of the said writ, the true time of executing the same being first endorsed thereon, and signed by the said defendant. And the said defendant further says that the said goods and chattels at

the time of attaching and taking the same as aforesaid, were in truth and in fact the goods and chattels of the said D. M. in connection with H. S. M. and D. M., who were then and there joint owners thereof with him the said D. M. *and not* the goods and chattels of the said plaintiffs, as by the said declaration is above supposed, and that the said goods and chattels were in the possession of the said defendant as Sheriff as aforesaid by virtue of the said attachment at the time of the commencement of this suit, and at the time of replevying the said goods and chattels, to wit, at the place aforesaid, and within the jurisdiction of this court, and this the defendant is ready to verify—Wherefore he prays judgment and a return of the said goods and chattels, together with his damages and costs, according to the form of the statute in such case made and provided, to be adjudged to him, &c.

In the second and third pleas, the defendant in the same form avowed the taking of the same goods under two other writs of attachment at the suit of other persons, and out of the same court, which it is unnecessary to recite at large.

In the fourth plea, the defendant in the usual form pleaded property in a third person.; the plaintiffs reaffirmed the property in themselves, and issue was thereupon joined.

To each of the first three pleas (or avowries) the plaintiffs pleaded with the necessary variation, in regard to names, the following pleas :

1. " And the said plaintiffs as to the avowry, &c. say that the said defendant, by reason of anything in that avowry above alleged ought not to avow the taking of the said goods and chattels in which, &c. and justly, &c. because, they say, that no writ of attachment at the suit of (naming plaintiffs in attachment), against D. M., was duly and lawfully and in due form of law, issued out of, and under the seal of the said Circuit Court of the county of M., as the defendant hath in his said (first, &c.) avowry alleged, and this they the said plaintiffs pray may be inquired of by the country," &c.

2. With the usual commencement, " That the said clerk in the said avowry mentioned, did not forthwith enter in a book by him provided and kept for that purpose, the names of the

plaintiffs and defendants in the said writ of attachment, the sum or amount therein specified, and the time of sealing the same in manner and form as the said defendant," &c.

3. " That the said defendant did not attach and take the said goods and chattels in the said declaration mentioned, by virtue of the said writ of attachment in said (first, &c.) avowry mentioned, in manner and form," &c.

4. " That the said defendant by virtue, &c., in the said (first) avowry mentioned, did not with the assistance of S. G., a discreet and impartial freeholder, make a just and true inventory and appraisement of the said goods and chattels in the said declaration mentioned, in manner and form," &c.

5. " That the said defendant did not return, with the said attachment in the said avowry mentioned, a just and true inventory and appraisement of the said goods and chattels, &c. in manner and form as the said defendant in his said (first) avowry above alleged," &c.

6. " That the said goods and chattels at the time when, &c. were not the property of the said D. M., H. S. M., and D. J. M., as in the said avowry set forth, but of them the said plaintiffs in manner and form as they have above in their declaration alleged, and this they pray may be inquired of by the country," &c.

The defendant demurred specially to these several pleas of the plaintiffs. Among the causes of demurrer severally specified, are that the plaintiffs to the said first three pleas of the defendant, filed pleas instead of replications. That the said pleas are severally too large in their traverse; put in issue matters of law and matters altogether immaterial; that they contain negatives pregnant, and are uncertain and ambiguous.


*J. Van Dyke*, for defendant.


The plaintiffs' pleading is defective in point of form. Each plea to the supposed avowries (at least each of the first five of said pleas), contains negatives pregnant, and is doubtful and ambiguous. It denies mere matter of description as that the writs set forth by the defendant were issued, but impliedly ad-

mits other and different writs, or some other mode or time of executing said writs. *Steph. Pl.* 381; 1 *Chit. Pl.* 614, (586 *1st Ed.*) It attempts to put in issue before the country matter of law, as that the Sheriff acted *by virtue* of the writ of attachment; and matter immaterial, as the omission of the clerk to enter the writ.

But the plaintiffs have put in pleas and not replications, which assumes that the pleas of the defendant are strictly avowries. They are, however, in substance, only pleas of property in third persons. We supposed it necessary to set up our right to take the goods in question, but it is set up merely as inducement to a plea of property in third persons. An avowry admits the property, but justifies the taking by special matter set up by way of title, which the defendant is bound to maintain ; as in case of distress for rent. But these pleas traverse or deny property in the plaintiffs. The form " *avow* " is used, but only as a mode of admitting the taking. The plaintiff can file but one replication to each plea.

The return by the Sheriff is sufficiently shewn.

*I. W. Scudder*, and *P. D. Vroom*, for plaintiffs.

The defendant's pleas are defective in not setting out more specifically what was the return made by the Sheriff.

The defendant felt obliged to specify the writs under which he avows, and he prays a return on the special title set forth. They are therefore avowries, notwithstanding the matters at the close. *De injuria sua propria* was not applicable, and therefore the pleas must go to the points intended to be denied. *Wilk. on Replevin* 74–5; *Ib.* 167. If a party sets up title more particularly than is necessary, issue may be taken thereon. Several minor facts go to make up one point. 2 *John.* 462; 1 *Chit. Pl.* 605; *Com. Dig. Pl.* 3 *K.* 20; *Story's Pl.* 407; 2 *Saund.* 206 *n.*

CARPENTER, J. Supposing the matters in the introductory part of the three first pleas or avowries of the defendant to be traversable, some of these pleas by the plaintiffs to these avow-

Brown et al. v. Bissett.

ries seem insufficient upon the reasons specially assigned on the part of the defendant. In addition, it may be noticed in regard to these supposed avowries, that the replication *de injuria* is admitted not to be applicable. The writ of attachment is then obviously not the subject of a distinct traverse to be tried by the country. If as pleaded it can be denied, it must be by pleading *nul tiel record.*   4 *Co.* 71 ; *Gould's Pl.* 391.

But it is not worth while to dwell upon the errors that might be urged under the supposition above mentioned, if it be that the introductory matters of these supposed avowries is not traversable, and the first five of the pleas of the plaintiffs' demurred to, are therefore bad. A point has been made by the defendant's counsel, that the pleas of the defendant are not strictly avowries ; that an avowry, strictly speaking, is confined to the case of an alleged right to take the property of the plaintiff in replevin ; that they are mere pleas of property in third persons, and that one replication only can therefore be filed to each plea. This point did not escape our attention on the previous argument on the demurrers filed to these pleas (a). But it did not then seem necessary to decide it : waiving the difficulty, we settled these pleas of the defendant, in the point of view in which they were chiefly presented. As pleaded, I still suppose the last point settled on that argument was rightly decided. If these pleas, so far as regards the answer that may be given, are not to be distinguished from pleas of property in a third person, still the inducement which supports the special traverse is pleaded by way of avowry. In form, an avowry, it may reasonably be concluded, that it should possess the characteristics of an avowry.

In England, the action of replevin is, in point of fact, almost confined to the case of taking, by way of distress, and in such case the office of the avowry, as appears by the precedents in the books, is ordinarily to make title to the caption of the plaintiffs' property. Thus, in case of distress for rent, the avowry admits the property to be in the plaintiff, but avoids the injustice of the taking by showing a title by which the taking is jus-

---

(a) Ante p. 46.

tified. An avowry, strictly speaking, is in the nature of a declaration, and by it the avowant makes title to the caption of the property of another. "An avowry is the setting forth in a declaration the nature and merits of the defendants' case, and showing that the *distress* taken by him was lawful, which must be done with such sufficient certainty as will entitle him to a *retorna habendo.*" *Bac. Abr.* " *Replevin,*" (*K.*) But the action, as is now well understood, is not confined to the case of distress : it lies at common law, whenever there has been a tortious taking, either originally, or by construction of law by some act which makes the party a trespasser *ab initio.* *Yelv.* 146 *a*, note by *Metcalf; Meany* v. *Head,* 1 *Mason* 322 ; *Haythorn* v. *Rushforth,* 4 *Harr.* 160 *accord.*

In this state, by our own statute, the action lies for goods *taken and wrongfully detained,* which is a close adoption of the English law. *Rev. Laws* 212 ; *Rev. Stat.* 116. A diligent search among such authorities as were within my reach has not been entirely satisfactory, but cases are to be found in which an avowry is spoken of in a wider sense than as defined by the defendants' counsel. Thus in 1 *Lev.* 90, cited *Com. Dig.* " *Pleader* " (3 *K.* 12), it is said : " The defendant may make *conusance* for that the property is in another." In *Loveday* v. *Mitchell, Comyns* 247, the defendant *avowed* the taking his own goods and prayed a return. In this case the court held, contrary to what I suppose to be now the settled doctrine, (*a*) that this was sufficient without a traverse, saying that it would be good both ways, and that upon the replication issue should be joined, and the property of the plaintiff must be proved. In *Barret* v. *Scrimshaw, Comb.* 477, 3 *Vin.* 408, the defendant in his *avowry* as his pleading is also there styled, pleaded that the beasts belonged to a third person, and *not* to the plaintiffs, and therefore prayed a return. In *Harrison* v. *McIntosh,* 1 *John. R.* 380, two distinct replications were filed to the defendant's plea of property in a third person, thus treating this plea in its usual and

(*a*) D. Per HORNBLOWER, C. J. 3 *Harr.* 345. It is said to be a rule, that when anything is pleaded specially by a defendant directly contrary to the matter in the declaration, such plea is not good without a traverse · but the error is waived by pleading over. *Bac. Abr. Pleas* (*H.* 1.)

most simple form as an avowry. Both replications were over-ruled because the material traverse tendered by the defendant was not met by the plaintiff; but no exception was taken on the ground that this was a mere plea, and not an avowry, and that therefore but one replication could be filed. This point, as to the character of the plea, does not appear to have been brought under the consideration of the court. The defendant, under the plea of property in himself, or a third person, is entitled to a return, and the plea in this respect is in the nature of an avowry. In this respect, also, there is a distinction between the plea of property and a mere plea of justification, which latter is *quoad* the damages only, while the plea of property, like as an avowry, is also for a return. But still the plea of property is not ordinarily ranked among avowries; the books speak of it as a bar or justification, and that it entitles the defendant to a return *without an avowry*. *Wilkinson on Replevin* 47–8; *Ib.* 91; *Gilb.* 167 (131 &c. *Ed.* 1792); 1 *Salk.* 5; *Ib.* 94.

In *Winnard* v. *Foster*, 2 *Lut.* 1190, will be found the plead-ings in a case very like the one before the court. The case was replevin by Winnard for a heifer and a stack of hay. Foster, one of the defendants, made cognizance as one of the bailiffs of the Sheriff of York, that they were the property of one Nathan-iel Day, and that one Dawson another defendant brought a plaint in the county court against Day for a debt of £14—that a precept was issued and delivered to the defendant, Foster, to summon said Day to appear at Court—that he did not appear, whereupon process issued to attach him by his goods and chat-tels, by virtue of which precept the defendant, Foster, seized the heifer and hay as the proper goods of the said Day, and prayed a return. To this cognizance the plaintiff pleaded in bar that he was possessed of the heifer and hay as of his own goods, with a traverse that Day was the owner of them. Foster replied that the heifer and hay were the property of Day, and upon this issue was joined. The verdict of the jury was that Day was the owner of the heifer, and Winnard the owner of the hay, and both the plaintiff and the defendant, by the judg-ment of the court, recovered damages and costs against each other The case is cited by Mr. Sumner in a learned article in the

*American Jurist* (12th vol. p. 111), to shew that replevin may be brought by a stranger to the process, to have a return of his goods wrongfully taken by the officer holding the process. It will be seen by reference to the original report in *Lutwyche*, where the entries are given at large, that the defendants made cognizance with all the form applicable to such mode of pleading; that the plaintiff pleaded in bar to the cognizance, but property in the plaintiff lying at the foundation of the action, on that issue was joined, and the cause finally decided.

The dearth of authority in the English books directly applicable, may perhaps have arisen from the fact that the English courts have restrained this action by attaching parties for contempt, who have attempted to interrupt their process of execution by suing out writs of replevin. It has been generally held that replevin will not lie for goods taken in execution, and by a misapprehension of the rule it has been thought to extend to the case of a third person, not the defendant in the process, whose goods have been wrongfully seized; although the officer in such case is clearly a mere trespasser, and liable as such to the person injured. Yet the reason given for the rule by a leading authority, applies only to replevin when brought by the defendant in execution. "It would," says *Gilbert* (p. 122, *Ed.* 1792), "be troubling the execution awarded, if *the party on whom the money was to be levied*, should fetch back the goods by a replevin." There is, however, much good sense in the remark made *arguendo* in a late case (*George* v. *Chambers*, 11 M. & W. 157), that independent of the restraint in the use of the writ, exercised by the courts in attaching for contempt, the objection does not seem to be so much to the form of the action as to its maintenance: that it may be said that replevin will not lie, because the judgment and execution under which the defendant justifies, are conclusive.

But whatever difficulties may elsewhere have been felt in this country, the right of a third person, not the defendant in the process to bring replevin, is well established. Pleas similar to those of the defendant in the present instance are therefore to be found, and have been sustained as sufficient. It is, however, somewhat remarkable, that although such pleas have been

frequently pleaded, yet in none that have come under my observation has a similar question arisen. In some, as in *Bruen* v. *Ogden*, 3 *Halst.* 370, the question made has been, whether replevin would lie against an officer for taking the goods of the plaintiff in replevin, not being the defendant in execution, under the circumstances stated in the plea. In *Judd.* v. *Fox*, 9 *Cow.* 257, such plea as the present occurs, pleaded and treated as an avowry, but the plaintiff took issue on the traverse of property alone. A second plea was indeed filed to the avowry, but it was substantially like the first. It does not appear in this, nor in any other case that I have examined, that the propriety of filing a second replication or plea to such supposed avowry was questioned, yet in all, property in the plaintiff being the material point, formed the subject of the issue, when any issue in fact was taken. Such pleas as the present, in many cases have been called avowries, pleaded as avowries, and treated as avowries, but still I have not met with a case in which the traverse of the title in the plaintiff has been passed by, and the authority set forth in the introductory part of the defendant's pleading, as the foundation of the traverse, put in issue. It is scarcely necessary to refer to the numerous cases to which these remarks will apply. See *Thompson* v. *Button*, 14 *John.* 84; *Clark* v. *Skinner*, 20 *Ib.* 465; *Hall* v. *Tuttle*, 2 *Wend.* 475; *Wheeler* v. *Train*, 4 *Pick.* 168; *Bailey* v. *Foster*, 9 *Ib.* 139; *Chinn* v. *Russell*, 1 *Blackf.* 172.

There is an obvious and substantial difference between the cases, where the defendant, an officer holding process, justifies or avows under that process, as taking the goods of the plaintiff in replevin, and where the process is against a third person, not the plaintiff in replevin. If of the plaintiff in replevin, it will be readily seen that the avowant should show valid process, and lawful proceedings on his part under that process; for he is justified only upon the special authority to be found in his writ. The plaintiff in replevin in such case may deny the writ by *nul tiel record ;* or admitting the writ, he may traverse the matter of mere fact alleged in the plea or avowry. If the plaintiff in replevin, being the defendant in execution, can suc-

cessfully controvert any part of the title shewn by the defend-
ant in his plea or avowry, that title is destroyed, his justifica-
tion fails, and he ought not to have a return.   But if the de-
fendant, an officer, justifies on the ground that the goods taken
are the property of the person named in the writ, such person
not being the plaintiff in replevin, the denial of property in the
plaintiff becomes the material allegation.   If the plaintiff have
not such property in the goods as will enable him to maintain
replevin, there is no reason why he should be permitted to trav-
erse the authority of the defendant in replevin under his writ.
If not the owner of the goods by a title general or special, with
a right of immediate possession, he can have no right to claim
them from the officer by the action of replevin.   It is difficult
to distinguish, and so far as regards the answer that may be
given, I think these pleas are not to be distinguished from pleas
of property in third persons ; but however regarded, property
lies at the foundation of the plaintiff's action, and by the trav-
erse tendered, has been made the material question in the cause.
The traverse tendered by the defendant denies a material alle-
gation, upon which the right of the plaintiff to recover, rests.
The introductory part of the pleas, though pleaded in the form
of an avowry as a formal statement on the record of the title
under which the defendant claims to have a return, yet still it is
but explanatory of the main allegation, to wit, the traverse of
the plaintiff's title, and that traverse being material must be ac-
cepted.   So considered, this case comes within the principles
settled by the case of *Hunt* v. *Chambers*, decided in the court
of Errors and Appeals, July Term, 1846.*   The first five pleas

---

\* In replevin, *plea* property in the defendant; replication that the property
was not in the defendant, but in the plaintiff.   *Held*, that under this issue the
burthen of the proof lies on the plaintiff, who must shew an exclusive right
of possession in himself at the time of the commencement of the action.

That the *gist* of the issue is property in the plaintiff, or not—and that the
defendant having traversed the title of the plaintiff, is not bound to prove at
the trial the affirmative part or inducement of his plea, but may rebut the
proof offered by the plaintiff.

That the defendant might show that he and the plaintiff were joint owners,
in order to rebut the exclusive possession of the plaintiff.   *Hunt* v. *Chambers*,
6 *Pa. Law Jour.* 83.

of the plaintiff to the supposed avowries pass by the traverse tendered by the defendant, and attempt to raise issues which upon this reasoning are altogether immaterial; they are therefore bad, and must be overruled.

The introductory matter of the defendant's pleas, pleaded by way of an avowry, considered simply as inducement to the traverse, seems to be sufficient. Such matter considered as mere inducement to the special traverse, must still be such, as if true, will defeat the title of the plaintiffs. The necessity or expediency of setting forth thus specially the authority of the defendant, is not now before the court. When necessary for the defendant to shew his writ in evidence, it will probably be expedient for him to set it out in his pleading. The case of a sale by defendant in attachment to the plaintiff in replevin, valid between the parties, but void as against creditors, perhaps might be suggested as an instance.

The sixth plea (or replication) to each of the supposed avowries of the defendant is also demurred to, but it is in the usual form and sufficient.

The CHIEF JUSTICE, and Justices WHITEHEAD and RANDOLPH concurred.

Demurrer to the first five pleas sustained; that to sixth plea overruled.

CITED *in Chambers* v. *Hunt*, 2 *Zab.* 557.