### KEYSER *vs.* WATERBURY.

Where a constable has taken property upon an attachment issued by a justice, he is bound to release the same on being served with a certificate that an appeal has been duly made, from the judgment of the justice ; in the same manner as if the property had been seized by him upon an execution.

As between the owner of goods and chattels and a constable, replevin will not lie for property in the hands of the latter by virtue of an attachment ; unless the property be such as is exempted from execution or attachment.

And the fact that the property is in the possession of another, as the mere agent or depositary of the officer, will not render it any the less in the custody of the law.

DEMURRER to replication. The action was replevin for some cows and sheep. The defendant pleaded that he procured an attachment to be issued by a justice of the peace against the plaintiff as a non-resident of the county, and that the property in question was taken thereon by a constable and placed in the hands of the defendant Waterbury, as the agent of the constable, and for safe keeping. Replication that Waterbury had obtained a judgment against Keyser in that proceeding, and Keyser had duly appealed to the court of common pleas of St. Lawrence county, and had procured the proper certificate of that fact from the justice, and served the same on the constable, and on Waterbury, and demanded the property, which Waterbury refused to give up. To this replication the defendant demurred.

*H. S. Knowles,* for the defendant.

*James & Brown,* for the plaintiff.

*By the Court,* HAND, J.   By the statute, all proceedings on the judgment are suspended by an appeal, (2 *R. S.* 259, § 192,) and on a certificate that an appeal has been duly made being presented to the constable holding the execution, he shall forth-with release the goods and chattels of the appellant, or his body if he has been taken; and if in jail he is thereupon to be re-leased. (*Id.* § 193.) The attachment requires the officer to take the goods and chattels of the defendant "and safely to keep the same, in order to satisfy any judgment that may be recovered on such attachment." (2 *R. S.* 230, § 30.) But the officer shall not remove the goods, &c. if a bond is given that the goods shall be produced to satisfy any execution to be issued within six months. (*Id.* § 32.) If taken, the officer is to safely keep such part of the goods as shall be sufficient to satisfy the demand of the plaintiff. In *Seymour* v. *Dascomb,* (12 *Wend.* 584,) it was held that a constable who has received the amount of an execution from the party appealing, may, on the appeal being perfected, pay it back. In *Wilson* v. *Williams,* (18 *Id.* 581,) it was held that the officer was bound to release the prop-erty on the presentation of a certificate that a writ of certiorari had been brought, the same as on an appeal. But Nelson, C. J. would not then say how it would be if taken on an attachment. That he considered a *casus omissus* in the statute. But I do not see why the rule should not be the same where goods are held on an attachment, as when held on an execution. In both cases the property is taken and held as security for the demand. It would seem that, even in an attachment suit, if the plaintiff levy his execution before the appeal, the property must be released from the execution by the express provisions of the statute; and there is no good reason why it should be discharged from that, and held on the attachment. Indeed it may be doubted whether the attachment is not wholly *functus officio* as soon as an execution in the same suit is levied on the

same property. The appellant gives a bond with sureties, which is supposed to make the appellee safe. This part of the case is clearly with the plaintiff.

But the statute in relation to the action of replevin declares that, "no replevin shall lie at the suit of the defendant in any execution or attachment to recover goods or chattels seized by virtue thereof, unless such goods and chattels are exempted by law from such execution or attachment," &c. (2 *R. S.* 522, § 5.) And it has been held that replevin will not lie for property taken on an execution from the debtor's possession. (*Judd* v. *Fox*, 9 *Cowen*, 259.) "Seized," in that section means taken, not possessed; though if it did, perhaps that would not aid the plaintiff. It is well settled that, as between the execution debtor and the sheriff, replevin will not lie for property in the custody of the law. (*Dunham* v. *Wyckoff*, 3 *Wend.* 280. *Clark* v. *Skinner*, 20 *John.* 467. *Hall* v. *Tuttle*, 2 *Wend.* 475.) As the property was in the possession of the defendant as the mere agent or depositary of the officer, it is none the less in the custody of the law. (*Hayner* v. *Lucas*, 10 *Pet. Rep.* 400.) There must be judgment for the defendant, with leave to amend on payment of costs.

Judgment for defendant.

