EPHRAIM S. WILLARD *vs.* CHARLES KIMBALL.

The owner of goods cannot maintain an action against an officer for taking them in the due service of a writ of replevin against another person who had them in his possession.

METCALF, J. This is an action of tort, in which the defendant, sheriff of Middlesex, is sued for the conversion, by his deputy, of two hundred and twenty tons of coal, the property of the plaintiff. The defendant's answer denies that the coal was the property of the plaintiff, and also alleges that his deputy took possession of the coal on a writ of replevin in favor of Sinnickson & Glover of Philadelphia, against William A. Knowles; which action of replevin was entered in the superior court in Middlesex, and was pending there when said answer was filed.

At the trial of the present case in the superior court in this county, it was ruled that the action could not be maintained, and a verdict was returned for the defendant. The plaintiff alleged exceptions to this ruling, and an elaborate argument has been had upon the complicated evidence contained in the bill of exceptions, as to the legal ownership of the coal. But we are neither required nor inclined to examine the question of ownership; because, if we were satisfied that the plaintiff is the legal owner of the coal, we deem it clear, on the papers in the case, that he has no legal cause of action against the defendant, or against his deputy. And it is not material whether the judge of the superior court took or did not take this ground of defence into consideration, when he ruled that the action could not be maintained.

The papers show the facts alleged in the defendant's answer to be true; that a writ of replevin, in due form of law, was put into the deputy's hands, sued out by the persons named in the answer, against William A. Knowles, in whose possession the coal then was, and that the deputy served that writ, in all particulars, in the manner prescribed by law, taking the coal from the possession of Knowles. This shows a justification of the deputy in serving the writ. Neither he personally, nor the defendant, whose deputy he is, can be held liable in damages to

this plaintiff for that service, even though it could be proved that the plaintiffs in that action of replevin had no rightful claim to the coal, and that this plaintiff was sole owner of it. The deputy did what his precept commanded him to do, and nothing more. What the result of that action of replevin was, we are not informed, and need not know; whether it is still undecided, or whether judgment has been rendered for the defendant in replevin. There can be no pretence, we think, that the failure of a plaintiff in replevin to maintain his action renders the officer who served the writ liable in damages to the defendant, or to any other person who may have a claim to the replevied property.

By the English law, if the defendant in replevin claim property in the goods or chattels described in the writ, the officer cannot lawfully deliver them to the plaintiff, until the question of property has been determined in his favor on a writ *de proprietate probanda,* sued out by him. Dalt. Sheriff, 435. 3 Steph. N. P. 2487, 2488. 5 Dane Ab. 526. And authorities were cited, by the plaintiff's counsel, which show that trespass is maintainable against the officer, if he, in such case, serves the writ and delivers the goods or chattels to the plaintiff. But as we have no such law, these authorities do not aid the plaintiff. By our law the question of property is to be tried in the replevin suit.

In *Hallett* v. *Byrt,* Carth. 381 — which was an action of trespass for taking the plaintiff's cows, and in which the defendant pleaded that he, as an officer, took them on a writ of replevin — there is a *dictum* of Lord Holt which in our judgment states the .aw correctly. "There is," said he, "a difference between a replevin and other process of law, with respect to the officers; for in replevin they are expressly commanded what to take, *in specie;* but in writs of execution the words are general, namely, o levy of the goods of the party, and therefore 't is at their peril if they take another man's goods; for in that case an action of trespass will lie." And the supreme court of New York has decided, in the case of *Foster* v. *Pettibone,* 20 Barb 350, that trespass cannot be maintained, by the owner of goods against a sheriff for taking them under and pursuant to a writ

of replevin against another person having them in possession. In Bac. Ab. Trespass, G, 1, and Trover, D, *Hallett* v. *Byrt* is cited to the position that neither trespass nor trover will lie against an officer for taking, on a writ of replevin, the goods therein specified as the property of A. though they may have been the property of B. See also Vin. Ab. Trespass, F, a 2, F, a 4.

Whether an officer would be liable to the true owner of goods, if, on a writ of replevin commanding him to take them from the possession of the defendant in replevin, he should take them from such owner, or from some other person, is not a question now before us. See *Shipman* v. *Clark*, 4 Denio, 446, and *Stimpson* v. *Reynolds*, 14 Barb. 508.                 *Exceptions overruled.*

*G. A. Somerby*, for the plaintiff, cited *Milles* v. *Davies*, Com. R. 596; *Hallett* v. *Byrt*, Carth. 380; *Leonard* v. *Stacy*, 6 Mod. 69; *Clark* v. *Skinner*, 20 Johns. 465; *Dunham* v. *Wyckoff*, 3 Wend. 280; *Stewart* v. *Wells*, 6 Barb. 79; *Stimpson* v. *Reynolds*, 14 Barb. 508.

*T. H. Sweetser & J. Nickerson*, for the defendant.