Lynch agt. St. John.

# N. Y. COMMON PLEAS.

ELLA M. LYNCH, plaintiff and appellant, agt. CHARLES A. ST. JOHN, defendant and respondent.

*Interpleader in replevin — Property clerk custodia legis — Appeal.*

In an action of claim and delivery the third subdivision of section 122 of the Code, giving the court discretion to substitute for the defendant in the action, a party who makes a claim against the defendant for the property, is necessarily to be interpreted in connection with the two hundred and sixteenth section, which provides that if the property taken in an action of claim and delivery be claimed by any other person than the defendant such person shall make an affidavit of his title to the property, and the right to the possession of it, stating the ground of such right and title and serve the same upon the sheriff; after which, by the provisions of the section, it is made incumbent upon the plaintiff to indemnify the sheriff against such claim by the undertaking therein provided for.

The property clerk of the New York Municipal Police Department has no right to retain property from its rightful owner after the prosecution which gave rise to his possession has ceased; and in case of replevin proceedings he must, like any other public officer, obey the lawful order and process of the court. He cannot make a conditional compliance. If, however, there be any reason why the property, for public purposes, should remain in the possession of the property clerk, his course is to apply to the court to control its own process.

An order directing an interpleader is appealable.

*General Term, December,* 1878.

THE defendant, who is the property clerk of the Municipal police of the city of New York, was sued in proceedings of claim and delivery to recover possession of certain personal property received by him in virtue of his office. The criminal

prosecution which gave rise to the property clerk's possession terminated and the plaintiff, thereupon, demanded her property.

The defendant refused to give it up, because R. & W. Simpson, pawnbrokers, claimed possession of the property under a lien which they asserted thereon. The plaintiff thereupon commenced proceedings of claim and delivery in the New York marine court. The defendant declined to deliver the property to the sheriff, and moved to interplead the Simpsons by applying for an order discharging him from the record and substituting them in his place. Judge McAdam, before whom the motion was argued, denied the application upon various grounds, among others, that section 216 of the Code had not been complied with and that the defendant had not obeyed the process of the court by delivering the property to the sheriff, and thus putting it under the control of the court, and that the court would not accept a conditional compliance with its order. The defendant appealed to the general term of the marine court, and after argument before Alker, C. J., Sheridan and Sinnott, JJ., the order of Mr. justice McAdam was, in all things, reversed and the defendant's motion for interpleader was granted.

The plaintiff thereupon appealed to the New York common pleas, general term, where the matter was argued before Daly, C. J., and Van Hoesen, J., and the order of the marine court, general term, was, in all things, reversed, and the order made by Mr. justice McAdam at special term was restored and affirmed in and by the following opinion:

*Morris S. Wise*, for plaintiff and appellant.

*Charles F. Maclean*, for defendant and respondent.

Daly, *C. J.* — The order is appealable. It is a final determination of the action brought by the plaintiff against St. John as it provides that upon the delivery of the property which

St. John has in his charge to the sheriff, he is to be discharged from all liability therefor to the plaintiff. In place of the present action it substitutes another action which the plaintiff has not asked for against other persons, Robert Simpson and William Simpson. It directs that they shall be substituted in the place of the defendant St. John, and it has been already held that such an order is appealable (*Wilson* agt. *Duncan*, 9 *Abb. Pr.*, 3).

The defendant St. John, upon his own motion, applied to the court below to substitute the Simpsons in his place as the defendants in the action and to discharge him from liability on delivering the property or its value to such persons as the court might direct. Judge McAdam, to whom the application was made, denied it upon the ground that it was the duty of the defendant to obey the process of the court, and that in respect to the application to interplead the Simpsons as defendants the Code has provided what course is to be pursued, where the property sought to be replevined by the plaintiff is claimed by another person, and which necessarily excluded any other procedure by or on behalf of the Simpsons as claimants. The general term reversed the order denying the application without giving any reason for the reversal, so that we are left entirely in the dark as to the ground upon which they decided that the application should have been granted and made the order they directed to be entered.

This was an action of replevin and the third subdivision of the one hundred and twenty-second section giving the court discretion to substitute for the defendant in the action, a party who makes a claim against the defendant for the property, is necessarily to be interpreted in connection with the two hundred and sixteenth section, which provides that if the property taken in an action of claim and delivery be claimed by any other person than the defendant, such person shall make an affidavit of his title to the property and the right to the possession of it, stating the ground of such right and title, and

Lynch agt. St. John.

serve the same upon the sheriff, after which, by the provisions of the section, it is made incumbent upon the plaintiff to indemnify the sheriff against such claim, by the undertaking therein provided for. In this case, as appears from the affidavit of the sheriff, the defendant refused to give up the property in obedience to the process, alleging no reason or excuse therefor. He afterwards applied for an order substituting the Simpsons as defendants in his place, and discharging him from all liability to either party upon his delivering up the property to such persons as the court should appoint, and, as I have said, judge McADAM *held* that he had no right to impose any such condition; that he must obey the process of the court the same as any other party against whom an action is brought. His application to have the Simpsons interpleaded as defendants in his stead was made conjointly with them, as an attorney appeared on their behalf upon the motion and made an affidavit to the effect that they claimed the right to hold the property as bailees, that they consented to be interpleaded as defendants in the action and that they demanded that the property upon such interpleader should be delivered to them.

The decision of the judge below, in my opinion, was right. The proper course to be pursued in such a case, was for the defendant to deliver up this property to the sheriff in obedience to the process and for Simpsons to make the affidavit provided for by the two hundred and sixteenth section, and serve it upon the sheriff who could deliver it to them, if not indemnified after a reasonable time, by the plaintiff; this was the regular and proper course of procedure, both on the part of the defendant St. John and of the claimants Simpsons.

Upon thus interposing their claim to the property as against the defendant, the defendant would be in a position to apply to the court to interplead them as defendants and to be discharged himself from all further responsibility, the property then being in the custody of the sheriff under the process in this action. No reasons, as I have said, have been given by

the general term for the order which they made, substituting the Simpsons as defendants, in place of the defendant St. John and discharging the defendant from all responsibility upon delivering the property to the sheriff who, by the order of the general term, is appointed to receive it and to hold it subject to the further order of the court, and I refer to this omission, as it appears to me very plain that the defendant was not justified in disobeying the process of the court, lawfully issued, but was bound to obey it the same as any other public officer against whom an action is brought. If there was any reason why the property, for public purposes, should remain in his possession, his course was to apply to the court, which has authority to control its own process.

The ground taken by the respondent upon the appeal in support of the decision of the general term is, that the property is in the custody of the law ; that the defendant is the property clerk of the police department, and that this property, a diamond ring and chain, was delivered to him, as property clerk, by a member of the police force of this city ; that it is consequently in his custody, in conformity with the provisions of the act of 1873 (*Laws of* 1873, *chap.* 335, *p.* 500, *secs.* 61 *to 66*), and that no action of replevin will lie at the suit of any one to take it out of his possession.

It has been long and well settled that replevin will not lie to recover property which is in the custody of the law, as where property found in the possession of the defendant in the execution is levied upon by the sheriff, in which case replevin cannot be brought as to take the property out of the possession of the sheriff, for his possession is the possession of the law and the remedy of any one aggrieved by the seizure of it is an action, in the nature of an action of trespass, to recover damages for the wrongful taking of it (*Hall* agt. *Tuttle*, 2 *Wend.*, 475, *the cases there cited*).

If, however, it was taken out of the possession of one who was not the defendant in the execution, then replevin will lie to recover the possession of it ; for, not having been taken in

accordance with the direction in the writ of execution which was to take the property of the defendant, it is not in the custody of the law (*Clark* agt. *Skinner*, 20 *Johnson*, 465). There were reasons which will be found stated in *Hall* agt. *Tuttle* (*supra*, *p.* 477) why the action of replevin, before it was remodeled by the Revised Statutes, was not adapted as a remedy where property in the possession of the defendant in the execution was levied upon by the sheriff, or was distrained upon a conviction (*Rex* agt. *Markhouse*, *Str.*, 1184), which do not apply to the extent that they did previously to the action of replevin, or claim and delivery in its present form, and which do not apply at all to the possession which the property clerk has of property under the act of 1873.

It may be that the property in his possession might be regarded as in the custody of the law, where it is held upon the ground that the possession and use of it is or may be necessary to secure the conviction of the person charged with having stolen it, but after his conviction or acquittal the property clerk can have no claim to it as against the rightful owner.

The act of 1873 (*sec.* 62) provides that where the property has been taken from the person arrested and is alleged to have been feloniously obtained and the magistrate is thereafter, upon investigation, satisfied that the person accused is innocent and that the property rightfully belongs to him, that the magistrate may make a written order that the property clerk deliver it to the accused person.

This is the only provision in the act relating to the restitution of property in the custody of the property clerk; and in such a case he may rightfully refuse to deliver it, unless upon the written order for which provision is made in the act. But the position taken by the defendant here in refusing to obey the process of the court in the replevin suit goes far beyond this. He claims that all property that comes into his possession is in the custody of the law; that he may refuse to give it up to the rightful owner, and that no action will lie to

compel him to do so, which would make him the perpetual custodian of all property which is in his possession as property clerk, and leave it entirely dependent upon him whether the true owner thereof should get it or not, a position the preposterous nature of which is apparent in the mere statement of it.

All that was enacted in the provisions of the charter of 1873 was, that there should be a property clerk into whose custody should be given and left all property or money alleged, or supposed to be feloniously taken, or which should be lost or abandoned, or which should be taken into the custody of any member of the police force, police justice or criminal court; and that all such property should be particularly registered by the clerk in a book to be kept for that purpose.

There is nothing in this public regulation in any way affecting the right of the true owners of such property, or divesting them, even temporarily, of their right to claim it; nothing which takes away from them the right which every citizen has to bring his action to compel the delivery to him of property wrongfully withheld from him, or which leaves it to the property clerk as sole arbiter to decide to whom the property belongs and to give it or withhold it as he thinks proper.

The right to property and to its possession is determined by the law in a proper action brought for that purpose by the one who claims it, and the act of 1873 has not inaugurated any other or different course of procedure.

If the property clerk of the police department refuses to give up property which comes into his possession alleged to be, or under the suspicion of having been, stolen, or as lost or abandoned, or which was received by him from a police officer, magistrate or criminal court upon the ground that he is entitled by virtue of the authority conferred upon him by his office to hold it against claimants he must answer in the action brought against him the same as any other public officer against whom an action is brought. He must show his official right to hold it the same as any other public officer

Lynch agt. St. John.

who is sued for wrongfully withholding property from the alleged rightful owner and not as the defendant has done in this case, in the language of judge McAdam, put the process of the court at defiance.

The order of the general term, therefore, should be reversed leaving the defendant to obey the process which requires him to deliver up the property into the custody of the sheriff and the Simpsons to make their affidavit and serve it upon the sheriff in the mode provided by the two hundred and sixteenth section, if they make any claim to the property.

Van Hoesen, J., concurred.