Van Brunt, P. J.
The complaint in this action briefly sets out that on and ever since the 2Gth day of April, 1875, “the defendant detained from the plaintiff 3,816 tickets for passages from Europe to America by the steamships of the plaintiff, which tickets are the property of the plaintiff, wherefore the plaintiff demands judgment against the defendant for the return or possession of said tickets, together with costs.
The answer was a general denial. The issues thus framed were referred to a referee to hear and determine, who, afeer a long time', reported in favor of the defendant.
We might very well content ourselves in the disposition of this appeal with the adoption of the opinion of the *430 learned referee as setting forth the views of the court upon the main question raised upon the trial, but as the counsel for the appellant has claimed that grave errors appear in this opinion it may be necessary to consider the grounds upon which the charge is based.
The fundamental error , which pervades the whole of the plaintiff’s case is the assumption that the plaintiff could maintain replevin for tickets which the plaintiff had sent to agents for sale, upon the theory that the possession of the defendant’s agents was his possession. This is a sound rule of law when predicated upon appropriate facts, but the evidence in this case shows that it was understood that when tickets should be sent to Sheahan as the agent of the plaintiff for sale, that he was to have the right to send to sub-agents for sale and that these agents in the sale of tickets were acting on behalf of the plaintiff.
The letter of October 28, 1875, by which the defendant’s agency was revoked conclusively shows that this was the then understanding of the plaintiff, because the defendant is notified to withdraw all passage tickets from his agents and all authority from them to make sales or to transact any business whatsoever for or on account of this company.
Thus it appears the plaintiff believed that the agents appointed by the defendant had the- power to make sales of tickets and transact business in its account, showing the existence of the direct relation of principal and agent.
The defendant concededly had the right to appoint these sub-agents, also had the right to supply them with tickets, and if upon demand he could not be held liable or for a conversion of those tickets he clearly could not be made liable in replevin.
It would certainly be an unjust doctrine to hold that after having, with the assent of the plaintiff, established sub-agencies all over the United States, after having furnished such sub-agents with tickets, because, upon a demand being made for all these tickets by the plaintiff, he did not deliver them at once, he could be liable for conversion. No such principle is deducible from the cases cited by appellant’s counsel.
The case of McDougall v. Travis (24 Hun, 590) simply holds that replevin wifi not lie where one is in actual possession of property against a servant who refuses to deliver it upon demand.
In the case of Clark v. Skinner (20 Johns., 465) it is simply held that the principal’s property cannot be taken under an execution against a servant who happens to have the manual possession.
The case of Miller v. Adsit (16 Wend., 350) simply holds that a person entitled to possession of property may main *431 tain replevin, and the case of Hall v. Tuttle (2 Wend., 475), that an owner of property may maintain replevin for his property taken out of his possession by the sheriff under an execution against a third party.
In the cases of Nichols v. Pinner (18 N. Y., 315); Nichols v. Michael (23 N. Y., 269); Knapp v. Smith (27 N. Y., 281), and Barnett v. Selling (70 N. Y., 494) replevin was maintained although possession had been parted with before suit brought, because the party had become fraudulently in possession of the property and had transferred it in pursuance of his scheme to defraud, circumstances very different from those existing_ in the case at bar.
We think it will be a long time before the courts will hold that a party can be guilty of conversion in parting with property in pursuance of the express permission of its owner, which seems to be the rule sought to be established by the plaintiff in this action.
If the defendant had none of these tickets in his possession at the time of the commencement of this action, having parted with them with the assent of the plaintiffs, the action cannot be maintained because, at some subsequent time, tickets came into his possession, in respect to which, if a demand had been made, a cause of action might have arisen.
Whatever might have been the plaintiff’s position in respect to the tickets sold by the Akron Bay City agents, had the proper requests for refunding been presented to the referee, no error was committed by his refusal to find the request made because it was entirely too broad, as there was nothing to show that there was due - $132 because of the sale of those tickets over and above all possible and proper-deductions or commissions; railroad fares were included in one of the tickets with no separation of items, and such items were not distinguished by the proofs. ' Therefore the request was bad and was properly refused.
As to the refusal of the referee to allow an amendment of the pleadings no error was committed. The introduction under the peculiar nature of the complaint in this action of a claim for damages would have been the allowance of a new cause of action, which should not have been permitted.
The judgment appealed from should be affirmed, with costs.
Macomber and Bartlett, JJ., concur.