## VOGEL *a.* BADCOCK.

*Supreme Court, First District; General Term, December,* 1854.

### PLEADING.—CAUSES OF ACTION.

The right of a party to recover immediate delivery of a specific thing claimed, given by § 206 of the Code, does not deprive him of the right to dispense with this privilege and await its restitution until he obtains judgment.

Allegations of conversion, and of detention, and prayer for specific delivery, and for damages, held good as a single cause of action, and a demand for only one kind of remedy.

What allegations are sufficient to support claim for specific delivery and for damages.

It is not necessary to allege the consideration of the assignment by which the plaintiff claims title to personal property, although such assignment was made after the conversion and during the detention.

Demurrer to complaint.

The complaint was, "that on or about the 26th day of April, in the year 1853, at Brooklyn, in the county of Kings, the defendant wrongfully took and converted to his own use, one black horse, of the value of one hundred and seventy-five dollars, the property of Andrew J. Parker. That on the third day of June, in the year 1853, the said Andrew J. Parker, sold and assigned the said horse to the plaintiff, of which the defendants afterwards had notice. And the plaintiff says that he has demanded of the defendant, the possession of the said horse, which the defendant has refused. And he says, the defendant has wrongfully detained, and still wrongfully detains the said horse from the plaintiff after demand made as aforesaid."

"Wherefore the plaintiff claims judgment for the recovery of said property, and damages for the detention thereof, to the amount of two hundred dollars besides costs."

To this the defendant demurred:

I. That it did not state facts sufficient to constitute a cause of action; in that the only conversion alleged was before the assignment, so that plaintiff was not wronged thereby, and that there was no consideration for the alleged assignment.

II. That several causes of action were improperly united; in that the allegations of conversion were in "trover," and those of detention were in "replevin."

III. That the prayer for judgment should be either for damages or for delivery. If both were claimed, the causes for which they were claimed should be separately stated, demanding their respective proper and separate relief.

At special term, judgment was given for the defendant on the demurrer. The plaintiff appealed.

*Waite and Fenton*, for plaintiff.

*G. P. Androus*, for defendant.

CLERKE, J.—This is an action for the specific delivery of personal property, and for damages for unlawfully detaining it.

The remedy to recover the specific thing claimed is prescribed in § 206 of the Code; and, while it allows the party to claim its immediate delivery, it does not deprive him of the right to dispense with this privilege and await its restitution until he obtains judgment. The language of § 206 is: "The plaintiff, in an action to recover the possession of personal property, *may* at the time of issuing the summons, or at any time before answer, claim the immediate delivery of such property;" and § 207 directs what ought to be done when this (immediate) delivery is required. The action of replevin, as defined and regulated by the Revised Statutes, was evidently confined to cases where the immediate restitution of the property was claimed. They make it indispensable that the action should be commenced by writ, commanding the sheriff to replevy the goods, on the execution of a bond, and prohibiting the plaintiff from taking any step until the sheriff received the writ, with the affidavit and bond required; for it was only then that he could serve the summons, which must have been according to the tenor of the writ. We have seen that the language of the Code is much more comprehensive, from its terms, leaving it optional with the plaintiff to take the course referred to in the latter clause of § 206; but, if he does not think proper to take this course, I deem it not only consistent with the terms of this section, but with the whole tenor

and design of the Code, to allow him to seek the specific recovery of property after, as well as before judgment. It will be deemed safer in most cases, doubtless, to claim immediate delivery, as, before judgment could be obtained, the property may be eloigned or destroyed, or the wrong-doer may abscond or become insolvent. On the other hand, that course has the disadvantage of requiring the plaintiff to give an undertaking, with one or more sureties, in an amount double the value of the property—a favor which a party may not be able to procure, or may be very unwilling to ask. It is, therefore, proper that a plaintiff may have the liberty of demanding the specific thing claimed, without being compelled to demand it at the commencement of the action. The old action of *detinue* undoubtedly was abolished by the Revised Statutes, precisely as all other forms of action were abolished by the Code; but the right to reclaim the specific article, and to have judgment and execution for its restitution, with damages for its detention, survives, just as the right to recover the amount due on a promissory note remains, although *assumpsit* has shared the doom of all other forms of action.

The preliminary statement in the complaint, that the defendant converted the property to his own use, does not make the action equivalent to *trover*, in which damages alone could have been claimed. This statement was unnecessary, but does not essentially affect the complaint. It would have been sufficient to make the same allegations as are usually contained in cases where immediate delivery is demanded, stating, after alleging the assignment, " that the defendant has become possessed of and wrongfully detains from the plaintiff the property in question," and concluding with the prayer, " that the defendant be adjudged to deliver to the plaintiff this property, with damages for its detention," &c.

In the complaint in question, the plaintiff asks to have a judgment for the specific property and not for damages, except for the detention. In this there is no incongruity; no misjoinder of actions contrary to § 167—in fact, no joinder at all. The complaint sets forth only one cause of action, and demands only one kind of remedy.

There can be no difficulty relative to the assignment. The

thing sought to be recovered is not a thing in action, but tangible personal property, which could be sold or assigned at any time ; and whether the vendor had the actual possession of it or not, and whether it was unlawfully withheld from him or not, in no degree affected his right to dispose of it, and to transfer the right of possession to any other person. No section of the Code, therefore, applies to this case, except so far as the damages, accruing between the time of the conversion and the time of the assignment, are concerned. These may be considered a thing in action, not arising out of a contract, and therefore within the scope of section 111. The damages arising from the continuance of the detention after the assignment, accrued to the plaintiff in his own right, as owner of the property. These can be adjusted at the trial. It is not necessary to allege a consideration for the assignment.

The demurrer should be over-ruled, and the judgment reversed with costs, with liberty to answer.