DUDLEY VS. ROSS.

*Replevin against officer for property seized on tax warrant.*

Under our statute (R. S. ch. 128, secs. 1, 2), replevin will lie against an officer who has seized the property for an invalid tax, or upon a tax warrant void upon its face; but plaintiff cannot in such a case claim the immediate delivery of the property.

APPEAL from the Circuit Court for *Pierce* County.

Replevin, for goods taken by defendant from plaintiff's store. Answer that the goods were taken by defendant as city treasurer of the city of Prescott, by virtue of a warrant duly issued to him for the collection of a tax against the plaintiff, which tax the plaintiff had refused to pay on demand. Proceedings having been taken by the plaintiff to obtain an immediate delivery of the property to him, the defendant moved to set the same aside, on the ground that the property had been, taken and was held by him for a tax. The defendant, in support of this motion, filed an affidavit tending to sustain the averments of his answer; attached to which affidavit were what purported to be, (1.) A warrant addressed to him as treasurer of said city of Prescott, signed by the mayor and countersigned by the clerk of said city, directing him to collect the taxes set down in the roll attached thereto. (2.) Two renewals of said warrant, executed in like manner. The plaintiff filed affidavits tending to show that defendant had never executed any bond as city treasurer, and that he had no sufficient tax roll or warrant attached thereto, to authorize the collection of any tax against the plaintiff. The court granted the motion to set aside the proceedings on the part of the plaintiff to obtain immediate delivery of the property.

Upon the trial of the cause, plaintiff made proof by a clerk, of the taking, the character and value of the

property taken, and that witness afterwards demanded the goods of defendant, who refused to return them. On cross-examination the witness testified that the first thing that occurred at the time of the taking, was, that defendant stepped up to the goods in dispute and said, " I levy on this property ;" and that when witness demanded the goods of defendant, the latter claimed to hold them for taxes. The plaintiff objected to this evidence as not called out upon a proper cross-examination ; but the objection was overruled. Upon defendant's motion, the court then dismissed the complaint for the reason that the property in dispute had been taken for a tax. Judgment of dismissal and for costs against the plaintiff; from which he appealed.

*White & Button,* for appellant.

*Wise & Hough* and *Wilson, Clinton & Mathews,* for respondent, to the point that property taken by virtue of a tax warrant, if the warrant be regular on its face, cannot be replevied, cited *Palmer v. Corwith,* 3 Chand. 297 ; *O'Reilly v. Good,* 18 Abb. Pr. R. 106 ; *Hudler v. Golden,* 36 N. Y. 446 ; *People v. Albany C. P.,* 7 Wend. 485.

COLE, J. The only question to which we shall direct our attention on this appeal is, whether under our statute a party may maintain an action of replevin for the recovery of personal property wrongfully taken under a tax warrant for the payment of a tax, when no claim is made for the immediate possession of the property. This action was dismissed on motion of the defendant, when the plaintiff rested his case, for the reason that the property was taken for a tax. The property at this time was in the possession of the defendant, who claimed the right to take and hold it by virtue of a tax warrant issued to him as city treasurer of the city of Prescott. The validity of the tax, or the regularity of the tax warrant, are questions not properly before us.

It is claimed that an action cannot be maintained for the recovery of personal property taken by the proper officer under a warrant issued for the collection of a tax.   This was formerly a provision of our statute (chap. 119, R. S. 1849); but we are inclined to the opinion that the law has been changed.

Under the old practice no writ of replevin could issue until the plaintiff, or some one in his behalf, made and filed with the clerk an affidavit stating, among other things, that the plaintiff was lawfully entitled to the possession of the property unjustly taken and unjustly detained, or unjustly detained, by the defendant; and that the property had not been taken for any tax levied by virtue of any law of the state.   Upon such a statute, of course, no such question as the one before us could be involved in doubt. But the present statute no longer makes the proper affidavit an essential prerequisite to the commencement of the action.   The plaintiff may, at the time of issuing the summons, or at any time before answer, claim the immediate delivery of the property; and where he proceeds for the delivery in the first instance, he must make an affidavit showing, among other things, that the property has not been taken for a tax.  Sections 1 and 2, chap. 128.  But, suppose the plaintiff does not claim the immediate delivery of the property, and it has been wrongfully taken under an alledged tax warrant, is the action of replevin then an appropriate remedy?   It seems to us that it is.

The authorities are numerous and decisive to the proposition that the possession of personal chattels by the plaintiff, and an actual wrongful taking by the defendant, are sufficient to support the action of replevin, and that it is a concurrent remedy with trespass *de bonis as portatis*.   *Pangburn v. Partridge*, 7 Johns. 140; *Marshall v. Davis*, 1 Wend. 109; *Wheeler v. McFarlane*, 10 id. 318; *Rogers v. Arnold*, 12 id. 30.   In some of the states it has been held that an action of replevin

may be maintained in case of an unlawful detention, though the original taking was not tortious and unlawful. *Badger v. Pinney,* 15 Mass. 340; *Baker v. Fales,* 16 id. 147; *Morton v. Baldwin,* 17 id. 606; *Seaver v. Dingley,* 4 Green, 306; *Sawtelle v. Rollins,* 23 Maine, 196.

"Notwithstanding some dicta to the contrary," says Mr. Justice HAND, in *Brockway v. Burnap,* 16 Barb. 309–313, "replevin would always lie for goods unlawfully taken."

In the present case there can be no doubt that trespass could be maintained against the defendant for the wrongful taking of the goods, if the tax is invalid and the warrant void upon its face. And we see no reason for holding that the action "to recover the possession of personal property" (as it is called under our present practice), should not extend to such a case. *Morford v. Unger,* 8 Iowa, 82; *Rogers v. Gwinn,* 21 id. 56.

As I have already said, we cannot properly consider the question whether the tax is legal and the warrant regular on this appeal. If the warrant, with the tax list, was sufficient to protect the defendant, he can show it when he comes to his defense.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.