Yates *v.* Lyon.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, November 13, 1871. *Johnson* and *Talcott*, Justices.]

———————•—•—•———————

ALONZO C. YATES and THEODORE DISSELL *vs* CHARLES L. LYON, impleaded with others.

Creditors, who had seized, upon attachment, the property of their debtors, in the hands of an assignee for the benefit of creditors, being sued by the assignee, for the conversion of the property, set up as a defense that the assignment was invalid, for fraud. The defense was ruled out, because their attachment had been set aside for irregularity, and they were thus left without justification, and were mere tort-feasors, and could not dispute the title of the assignee in possession; and the question as to the validity of the assignment was not litigated and determined, as it was held not to arise. *Held*, that the judgment in that action was no bar to a subsequent action by the creditors against the assignors and assignee, to set aside the assignment.

Where, at the time an assignment of property in trust for the benefit of creditors was executed, one of the assignors was an infant of the age of nineteen years, only; *Held* that that fact, alone, rendered the assignment void, as matter of law, as against creditors; upon the ground that an infant having a right to disaffirm his contracts, an assignment by him does not, and can-

Yates *v.* Lyon.

not, as matter of law, devote the property assigned, absolutely and unconditionally, to the payment of his debts.

The general principle that a sale, or assignment, by an infant is voidable only, and not void until he elects to avoid it, and remains valid until such election, dees not apply to such a case.

Nor is it of the least consequence that the infant assignor did not elect to disaffirm, or revoke, but by his silence afterwards, consented to, and ratified the assignment. The vice lies in the power he had, to disaffirm and avoid.

In an action by judgment creditors, to set aside an assignment made by partners, and to reach the joint property, it is not a ground for a dismissal of the complaint, or for a nonsuit, that one of the assignors, though named as a party in the summons and in the action, has not been served with process, nor appeared in the action.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

The action was brought by the plaintiffs, as judgment creditors of David Welch and William Welch, to set aside an assignment of their property, made by them to the defendant Lyon, in trust for the benefit of creditors.

The referee found and reported the following facts: That on the 29th day of February, 1867, the plaintiffs duly recovered a judgment in this court against the defendants David Welch and William Welch, for the sum of $782 damages, and $21.22 costs, in all $803.22; the judgment roll of which was filed in the county clerk's office of the county of Wayne, and judgment therein docketed. That said judgment was recovered upon an indebtedness contracted by the said defendants therein, to the plaintiffs, for the purchase price of goods, wares and merchandise, sold and delivered by the plaintiffs to the said David and William Welch, on or about the 5th of September, 1866. That an execution was duly issued on said judgment, against the goods and chattels, real estate and chattels real, of the said David and William Welch, directed and delivered to the sheriff of said county of Wayne, in which county they then resided, and was duly returned wholly unsatisfied by said sheriff. That on the 8th day of January, 1867, the said David and William Welch, who then,

Yates *v.* Lyon.

and at the time of the purchase by them of said goods, were copartners in business, made a general assignment of all their property to the defendant, Charles L. Lyon, in trust for the payment of their creditors, giving preferences over the plaintiffs in this action, and that said Lyon accepted said assignment, and forthwith took possession of all the property purporting to be conveyed by said assignment, which had come to his knowledge, and that in due time and manner, as required by statute, the said David and William Welch acknowledged the execution of said assignment, and made and filed a schedule, or inventory, and made and filed the proper bond. That at the time of the making of said assignment, the said David Welch was an infant, and but nineteen years of age on the 4th day of May, 1869; and which fact was well known to the said David Welch. That in and by said assignment, the payment of a debt of $69.39, from David and William Welch to David Welch, was provided for, to be paid out of the proceeds of the assigned property, and which said debt had in fact no existence; and which fact was well known to the said David and William Welch at the time of the making of said assignment and schedule. That at the time of the making of said assignment, the said David and William Welch were largely insolvent, and that said assignment was made with intent to hinder and defraud the creditors in the collection of their debts; but that the said assignee accepted the same in good faith. That the whole amount of the plaintiffs' said judgment was wholly unpaid.

As conclusions of law, the referee found, that the said assignment was, and is, fraudulent and void, as against the creditors of the said David and William Welch, including the said plaintiffs. He therefore ordered a judgment, or decree, that said assignment be so adjudged fraudulent and void, as against the plaintiffs and their judgment; and as against all the creditors of the said

David and William Welch, who were such at the time of the making of said assignment; and that a receiver be appointed with the usual powers, to take into his possession the personal property and assets of the said David and William Welch, purporting to pass under, or by virtue of said assignment, and the proceeds and avails thereof, &c.; and that out of said property and assets, and the proceeds thereof, after paying the expenses of the receivership, he pay the plaintiffs' costs and disbursements, and then the plaintiffs' said judgment, and interest thereon; and the balance, if any, to be disposed of according to the order of the court, &c.

*D. L. Norton,* for the appellant.

*Wm. J. Wallace,* for the respondents.

*By the Court,* JOHNSON, J. The action is brought to set aside a general assignment for the benefit of creditors, made by David Welch and William Welch to the defendant Lyon, and for the appointment of a receiver of the assigned property. The plaintiffs are judgment creditors of the two Welches.

One defense set up by the appellant, and which he now insists upon, is that the action is barred by a former action and judgment between him and the plaintiffs, in which the validity of the assignment was in question and determined. That case is reported in 52 *Barb.* 237. It is apparent from that case, as reported, that it can form no bar to this action. The plaintiffs, who were defendants in that action, set up in their answer, and offered, upon the trial, to prove and establish the invalidity of the assignment on the same ground, substantially, on which they now attack it. But their defense was ruled out, on the ground that they had no such standing in relation to the assigned property which they had taken, as would en-

Yates *v.* Lyon.

able them to litigate that question. They had seized it by virtue of an attachment, which had been set aside for irregularity, and they were thus left without justification, and were held to be mere tort-feasors, having no right to dispute the title of the defendant, who was plaintiff in that action; he having lawful possession and the apparent title.

The question involved in this action was not then litigated and determined, as it was held not to arise, and the judgment in that action is no bar to the action here.

It was proved upon the trial, and the referee has found as matter of fact, that at the time the assignment in question was made, one of the assignors was an infant of the age of nineteen years, only. If the decision in the case of *Fox* v. *Heath*, (21 *How. Pr.* 384,) in the New York common pleas, is sound law, that fact alone renders the assignment void, as matter of law, as against creditors.

One general principle applied to assignments of this character is, that they must be absolute and irrevocable in terms, and not subject to revocation, or defeasance, by the party assigning. They must be absolute and unconditional, and without reservation or stipulation for the advantage of the assignor. (*Grover* v. *Wakeman*, 11 *Wend.* 187. *Leitch* v. *Hollister*, 4 *N. Y.* 211. *Curtis* v. *Leavitt*, 15 *id.* 9.) Many other cases might be cited to the same effect. In the case last cited, Comstock, J., in his opinion, at page 32, says: "The principle indeed which runs through this whole branch of our law, is, that when a trader or dealer fails, and professes to put his estate in trust, he must devote the whole of it, immediately and unconditionally, to the payment of his debts. It is only on these terms that he is allowed to withdraw it from the ordinary process of the law." It cannot be doubted, I think, that should a general assignment for the benefit of creditors, upon its face and by its terms, reserve the same right to the assignor, or to one of several assignors, of disaffirmance and revocation which

the law gives to the infant assignor in this case, it could not be upheld, for a moment. (*Burrill on Assignments,* 234.) Indeed, it is impossible to see how an infant, upon general principles, can, of his own act and volition, create a trust and appoint a trustee to administer it. Upon this ground, alone, that the assignment did not, and could not, as matter of law, devote the property assigned absolutely and unconditionally to the payment of the debts °of the assignors, I am of the opinion it was fraudulent and void as against their creditors, in law. The general principle that a sale or assignment by an infant is voidable only, and not void until he elects to avoid it, and remains valid until such election, does not apply to this branch of the law, which allows property to be withdrawn from ordinary legal process in a certain way, and upon certain terms, only. Nor is it of the least consequence that the infant assignor did not elect to disaffirm or revoke, but by his silence afterwards, consented and ratified. The vice lies in the power he had, by law, to disaffirm and avoid. The assignment did not, when executed and delivered, operate to devote the property unqualifiedly, and consequently did not withdraw it from the reach of legal process.

The fact that one of the assignors was an infant at the time the assignment was executed and delivered, was properly proved, and the exception to the ruling admitting evidence is not well taken.

As this fact alone is decisive against the validity of the assignment, all the other questions raised in regard to the admissibility of evidence, upon other matters and questions in the case, are immaterial. The decision of the issue could not possibly have been different, had the rulings excepted to been all the other way.

The motion for a dismissal of the complaint, or for a nonsuit, on the ground that William Welch, though named as a party in the summons and in the action, had not been served with process, nor appeared in the action, was prop-

erly denied. It was no ground for a dismissal of the complaint or for nonsuit. William Welch was properly named as a party to the action, in the summons and proceedings, and might properly have been served with the summons and brought in to answer. But it was not indispensable that he should be served or brought in. The action was to reach the joint property of himself and David Welch, and could properly proceed, and judgment be rendered so as to bind the joint property, without such service or appearance as respects him. This is regulated by the Code, § 136.

The action was referred by stipulation, and it was too late on the trial to take the objection by a motion of that character, even if tenable otherwise.

