ENOS vs. BEMIS.

*November 29 — December 16, 1884.*

*(1) Action: Replevin or trover?   Burden of proof.   (2) Taxation: Assessment of wife's property against husband: Seizure.*

1. A complaint alleged that the defendant wrongfully took certain property, and afterwards, being so wrongfully in the possession of it, unlawfully converted it to his own use. *Held*, that the action was one of *replevin*, and that the defendant, after justifying the taking and detention under a tax warrant, was not bound further to justify the conversion by showing the validity of the sale under such warrant; nor could the plaintiff recover in such action any balance remaining in defendant's hands after satisfying the tax, charges, etc.

2. The mere fact that a tax upon the property of the wife was assessed and entered upon the tax roll against her husband, will not defeat its collection or render unlawful the seizure of the property upon the tax warrant.

APPEAL from the Circuit Court for *Winnebago* County. The facts will sufficiently appear from the opinion. The plaintiff appealed from a judgment for the defendant.

For the appellant there was a brief by *Pike & VanKeuren*, and oral argument by *Mr. Pike*.

For the respondent the cause was submitted on the brief of *Gabe Bouck*.

ORTON, J.   The first question is one of pleading. The complaint is that " the defendant wrongfully took the property, and afterwards, being so wrongfully in the possession

of it, unlawfully converted and disposed of the same to his own use, to the damage of the plaintiff one hundred dollars." The defendant justified the taking as town treasurer by virtue of a tax against the property of the plaintiff and a tax warrant therefor, and further alleged the sale thereof on due and proper notice, the tax not having been paid. The tax and a valid tax warrant therefor, and the levying upon the property thereon as town treasurer, were proved by the defendant; but there was no proof of the notices of sale, and the circuit court ordered a verdict for the defendant.

The contention of the appellant in respect to this branch of the case is that it was incumbent upon the defendant to show a compliance with the statute, in his proceedings after the levy and antecedent to the sale, by giving the proper notices, etc. To solve this question we must determine the real nature of this action from the complaint. The complaint is *sui generis:* (1) Wrongful taking; (2) wrongful possession; (3) unlawful conversion. The first two issues are clearly in replevin in the *cepit* of wrongful taking and detention; and proof of the wrongful taking or of the unlawful detainer is sufficient to sustain the action (sec. 2718, R. S.; 1 Chitty on Pl. 162; 1 Abb. Forms, 608); but one or the other must be proved. The defendant justified both the taking and detention by proof of the tax and tax warrant, and a lawful levy upon the property by virtue thereof, as town treasurer. This, on behalf of the defendant and by the court, was deemed sufficient to defeat the action. This must be so unless these two allegations in the complaint are entirely immaterial or superfluous.

But the learned counsel of the appellant contends that the action is trespass or trover. There are no proper allegations of trover. The original action of trover was framed to meet the case of property lost, which came into the possession of another and was converted to his use. The possession

of the defendant need not be unlawful or wrongful. 1 Chitty on Pl. 144; 2 id. 827; 1 Addison on Torts, 482; 1 Abb. Forms, 456. The *conversion* of the property is the gist of the action of trover, and the wrongful taking or detention is not in the issue. Would it be proper or fair to the defendant to allege a wrongful taking and detention, and after the plaintiff failed to prove either, or the defendant had justified both on the trial, then to insist that the action is not replevin but trover, and that the defendant must justify the conversion also; or that the action is trespass, and that the defendant must not only show a lawful taking and detention of the property, but must show also that he did not unlawfully convert the same to his own use, or else the legal fiction will obtain that he was a trespasser *ab initio*. This would be a strange mingling and confusion of actions. The Code rule of pleading requires a statement of the facts constituting the cause of action, and this rule is certainly no more strict than that of (what we call) the common law system of pleading. The defendant must not be misled by a joinder of two actions, or contradictory and inconsistent allegations, in the complaint. Here all the allegations necessary to state a cause of action in replevin, without asking a return of the property and demanding its value, are found in the complaint, and the simple averment of conversion cannot change it into another action.

In *Vogel v. Babcock*, 1 Abb. Pr. 176, the averments were that the defendant " wrongfully took and converted to his own use " the property; it was held to be an action of replevin, and that the allegation of conversion was surplusage. *Dudley v. Ross*, 27 Wis. 679, was a case like this, and called replevin. This case may have been tried before the justice as an action of trover, but that did not determine the nature of the action for the circuit court or for this court, on appeal. Under such a complaint, when the defendant has justified the taking and detention of the property under a valid

authority, if the plaintiff then wished to recover for the unlawful conversion of it, the *onus* was most certainly upon him to prove an unlawful sale of it, and outside of such authority, by not complying with the statute. This he did not do, or offer to do. We think the circuit court very properly held that the defendant had justified the taking and detention of the property by the tax warrant, and that was sufficient for this case. *Power v. Kindschi*, 58 Wis. 539. If the defendant had made an unlawful sale of the property, he would still be entitled to the possession of it under the levy until it could be lawfully sold to pay the tax. It was sold, and after satisfying the tax, charges, etc., there may have been an overplus in the hands of the defendant to be returned to the plaintiff. The learned counsel of the appellant rather suggests than claims that this action might stand for the recovery of such overplus. That is so foreign and contradictory to this action that, if allowed, it would make one form of action sufficient for all possible cases. There may be some connection between replevin and trespass and trover, but there is scarcely any between replevin and an action for money *had and received*.

The only other question in the case is one of fact, mixed with law, whether the plaintiff's property was liable to be taken for the tax which stands upon the tax roll against her husband, E. W. Enos. There is no dispute but that the tax was levied upon her property, both real and personal, but it seems to have been assessed to E. W. Enos, the husband. Such a mistake would be likely to occur. E. W. Enos was the general agent for his wife, the plaintiff, in carrying on her farm, and buying and selling the personal property. He was the general operator and manager before the world, while the plaintiff was confined to the more private and narrower limits of the household. There is no suspicion in this case but that she is the *bona fide* owner of the land and the personal property on the same which were taxed, but he

may well have been supposed to be at least the occupant of the land and the owner of the personal property. As to the tax upon the land it made no difference whether it was in the name of the owner or the occupant. Sec. 1154, R. S. But in such a case, where it is undisputed that the tax was in fact on the land and personal property of the plaintiff, and that she was liable to pay it, it would be a mere quibble, by which the clearest legal justice would be defeated, to allow this merely *nominal* variance to defeat the collection of the tax, and to be used to punish the defendant in damages for attempting to collect it under lawful authority. *Massing v. Ames,* 37 Wis. 645; *Kaehler v. Dobberpuhl,* 60 Wis. 256.

There was really no disputed question of fact to be submitted to the jury, and a verdict for the defendant was properly directed by the court.

*By the Court.*— The judgment of the circuit court is affirmed.