## WAGENER *v.* HARRIOTT.

*N. Y. City Court, Trial Term ; October,* 1887.

1. *Assignment by insane person.*] The fact that a person has been judicially committed to the insane asylum does not necessarily, without inquisition found, avoid a voluntary transfer made by him while in the asylum.

2. *Defenses; impeaching assignment to plaintiff.*] One sued by an assignee of the cause of action cannot defend on the mere ground of the insanity of the assignor at the time of assigning where there has been no inquisition of lunacy found.*

3. *The same case in judgment.*] A person arrested by the police, and summarily committed as a lunatic, under the act of 1874,† while in the asylum assigned his claim to property which had been taken from him on his arrest, and which was then held by defendant : s property clerk of the police department. Held,—that the assignee's action to recover it from the clerk could not be defeated on the ground of the assignor's alleged incapacity to assign his claim.

Motion for new trial on the merits.

John Wedmark was arrested by the police and sent to the Lunatic Asylum at Ward's Island, on the summary commitment of a magistrate made pursuant to the act of 1874 (c. 446, § 1). At the time of Wedmark's arrest the police took from his person $485, and passed it over to the defendant as property clerk of the police department (*N. Y. Consolidation Act of* 1882, § § 288–293). Wedmark, while in the asylum, to wit : on September 7, 1887, assigned his claim on the fund to the plaintiff, who thereupon demanded the money, and on the defendant's refusal to pay it over, brought the present action to recover the same.

---

* For the authorities and principles on the power to overhaul acts of those insane but not so adjudicated, see Riggs *v.* Am. Tract Society, 7 *Abb. N. C.* 433, on brief of counsel, and see reversal in 84 *N. Y.* 330. And see p. 279, of this vol.

† *L.* 1874, p. 565, c. 446, Art. 1, § 6.

The defendant upon the trial, disputed the validity of the assignment on the ground of the assignor's incapacity to make it. The objection was overruled, and a verdict was directed in favor of the plaintiff for the amount claimed. The defendant moves on the minutes for a new trial.

*M. J. O'Brien*, for motion.

*A. P. Wagener*, opposed.

McADAM, Ch. J.—Wedmark had committed no offence, and the money taken from his person was not the proceeds of crime. The defendant became possessed of it for safe-keeping only, and was bound to return it upon demand. The fact that Wedmark was committed to the Asylum did not incapacitate him from making a legal transfer of the right of action. No committee of the person and estate of the lunatic has been appointed, and until inquisition and office found, the acts of the lunatic are voidable only—not void (Ingraham *v.* Baldwin, 9 *N. Y.* 45[*]; Matter of Beck-with, 3 *Hun*, 443[†];. Fitzhugh *v.* Wilcox, 12 *Barb.* 235; Wait *v.* Maxwell, 5 *Pick.* 217). Thus, a marriage between a lunatic and a sane woman, followed by cohabitation, is not void, but voidable only; it cannot be impeached in an action against the committee for necessaries furnished to the wife (Stuckey *v.* Mathes, 24 *Hun*, 461). A deed executed by a lunatic before office found is not void, but voidable only; therefore, one not in privity with the lunatic cannot allege the lunacy as matter of defense (Merritt *v.* Gumaer, 2 *Cow.* 552).

Van Deusen *v.* Sweet, (51 *N. Y.* 378) does not conflict with the view stated. In that case, the plaintiff brought ejectment, claiming title under the will of Sylvester Sweet made in 1849. The defendant claimed title under a deed executed by Sylvester Sweet in 1864. The question of

[*] Aff'g 12 *Barb.* 9.    [†] s. c., 6 *Supm. Ct.* (*T. & C.*) 13.

Sweet's competency to make the deed in 1864 was submitted to the jury, who found for the plaintiff and the judgment was affirmed. The case presented a direct conflict between the legal representatives of the lunatic on the one hand, and a person claiming under a grant made by the lunatic on the other, and the question whether the grant was void or voidable only, became of no consequence, as the legal representatives had the right in either event to avoid it.

The defendant in the present case is a stranger to Wedmark, and cannot litigate the question of his insanity. If Wedmark had been formally adjudicated a lunatic, and a committee of his person and estate had been appointed, the assignment made by him would have been absolutely void, and might have been defeated by the defendant on that ground (Fitzhugh *v.* Wilcox, 12 *Barb.* 235; Wadsworth *v.* Sherman, 14 *Io.* 169; 2 *Crary's Spec. Proc.* 20). The incapacity of a lunatic (before office found) has been frequently likened to that of an infant whose contracts are voidable—not void. While either may avoid his contracts, the privilege is personal and no stranger can avail himself of it. Upon this ground, it has been held that an infant may by endorsement transfer a promissory note (*Cowen's Tr.* §§ 370, 1015, and cases cited), and he may join in an assignment for the benefit of creditors (Yates *v.* Lyon, 61 *N. Y.* 344\*), and no one but the infant or his legal representatives can question the legality of the transfers, which hold good until legally avoided, and the rights of parties who have in the meantime been compelled to pay are protected by the transfers.

The defendant has acted from the best of motives, but he has no legal defense to the action, the verdict was properly directed against him, and the motion for a new trial must be denied. No costs.

---

\* Rev'g 61 *Barb.* 205.