ANNIE DUBOFF, Respondent, *v.* JOHN J. HASLAN, Individually and as Assistant Property Clerk of the Police Department of the City of New York, and Others, Defendants, Impleaded with G. HINMAN BARRETT, Individually and as Property Clerk of the Police Department of the City of New York, Appellant.

First Department, February 4, 1921.

Replevin — action against property clerk of police department of city of New York to recover property seized by police — Greater New York charter, sections 331–336, and Code of Criminal Procedure, sections 685–690, not bar to action — liability of property clerk for refusal to deliver property — complaint examined and held to state cause of action.

Property seized by the police of New York city at the time an arrest was made on the ground that it was stolen property and delivered to the property clerk of the police department, and not held or required as evidence, may be recovered in an action of replevin by the assignee of the person arrested after the conviction of said person on a charge not involving the property seized, and the plaintiff is not limited to the procedure defined by sections 331–336 of the Greater New York charter and sections 685–691 of the Code of Criminal Procedure to regain possession of the property.

But it would require clear evidence of improper action on the part of the property clerk amounting to bad faith or improper motives to render him liable for not delivering such property to one claiming to be the owner and entitled to the possession and not presenting satisfactory proof thereof, and for requiring an order of a magistrate as required by said statutory

provisions or a writ of replevin or other process of court or an adjudication of title in the claimant if his title be controverted, before surrendering the property thus coming to his possession.

The complaint in an action against the property clerk of the New York city police department to recover property seized by the police and delivered to the defendant's predecessor and by him delivered to the defendant examined, and *held*, to state facts sufficient to constitute a cause of action.

APPEAL by the defendant, G. Hinman Barrett, individually and as property clerk, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of July, 1920, granting plaintiff's motion for judgment on the pleadings consisting of the complaint and a demurrer thereto for insufficiency and denying his counter-motion for judgment on the pleadings.

*Edwin H. Updike*, for the appellant.

*H. Lionel Kringel* of counsel [*Charles G. F. Wahle* with him on the brief; *Wahle & Kringel*, attorneys], for the respondent.

LAUGHLIN, J.:

This is an action on an assigned claim of the plaintiff's husband to recover certain specified items of jewelry, alleged to have been owned by him and to have been seized and taken from his place of business as a dealer in jewelry at 156 Chrystie street in the borough of Manhattan, New York, by members of the police force of the city of New York *as such officials* on the 6th day of April, 1916, and on or about said date delivered by them into the possession, care and custody of the defendants Haslan as assistant property clerk and Barrett as property clerk of the police department, who it is alleged received and retained the property in their possession and custody in their said respective official capacities and subsequently delivered it over to their successors in office. It is further alleged that entries were made as required by law in the books of the property clerk of the police department, identifying and describing the property, and that it was therein identified and described on voucher or schedule No. 6677 as " being and constituting Items Nos. 1, 2, 4, 5, 6, 7, 8, 10, 13, 31, 32 and 35," and remained so identified and described

thereafter until and including the 11th of January, 1918; that the seizure and removal of said property from the possession of the plaintiff's husband was wrongful and unlawful, and the property was received by the defendants Haslan and Barrett with knowledge and chargeable with knowledge that it had been so wrongfully and unlawfully seized without warrant or authority of law; that on the day the property was so seized the officers who seized it charged plaintiff's husband with the crime of criminally receiving stolen property, and he was indicted and on the 8th of May, 1916, convicted on the charge in the Court of General Sessions and sentenced to a term in State prison, but that none of the articles seized constituted any part of the articles for receiving which he was convicted or of the *corpus delicti* of the crime for which he was indicted and convicted; that after the conviction of plaintiff's husband neither defendant Haslan nor defendant Barrett had any claim to the property as against him or his assigns and on the 11th of May, 1916, for a valuable consideration, he duly assigned, transferred and set over unto the plaintiff all his right, title and interest in and to said property, and thereafter and on or about that date she informed said defendants of said assignment and that she was the owner of the property, and duly demanded of them and each of them as such assistant property clerk and property clerk that they and each of them deliver to her the possession of the property, but that they jointly and severally refused so to do, and that both of them continued to hold the possession, care and custody of the property, and that Haslan in his official capacity continued to hold it until the 11th of January, 1917, and Barrett in his official capacity continued to hold it until the 31st of December, 1917. It is then alleged, inconsistently with the foregoing, that said Barrett duly resigned on the 31st of December, 1916, and ceased to be such property clerk on January 1, 1917, and that Haslan duly resigned and ceased to be assistant property clerk on January 31, 1918. It is further alleged that the defendant Sunderman was assistant property clerk of said department from December 31, 1916, to and including January 11, 1917, and acted as property clerk between January 1 and January 11, 1917, but ceased to act as such on or about the latter date;

that on or about the 1st of January, 1917, defendants Barrett as property clerk and Haslan as assistant property clerk delivered over said property to said Sunderman as acting property clerk, although they at that time knew and were chargeable with knowledge that the property was not lawfully in their possession and custody as such officials, but was the property of the plaintiff and had been and was wrongfully withheld from her by them and each of them, and that Sunderman received the property from them with knowledge and chargeable with knowledge that it belonged to the plaintiff, who had duly demanded the return thereof, and that it had been and was wrongfully withheld from her; that from January 11, 1917, to and including January 18, 1918, defendant Ringer was the duly appointed and acting property clerk of said department and on the latter date resigned; that on January 11, 1917, defendants Haslan and Sunderman as assistant property clerk and acting property clerk delivered said property and the possession, care and custody thereof to defendant Ringer as property clerk with knowledge and chargeable with knowledge that it was not lawfully in their possession, care and custody but was the property of the plaintiff and had been wrongfully withheld from her by them and the defendant Barrett as aforesaid, and that she had duly demanded the return of it to her, and Ringer as property clerk received the property knowing that the plaintiff had made due demand for the return thereof to her and that she claimed to be and was the owner thereof; that from April 6, 1916, until the assignment to the plaintiff, her husband was the only person who was or claimed to be the owner and who demanded the return of the property, and after the assignment plaintiff was the only person who claimed to be the owner and who demanded the return of the property; that the defendants jointly and severally took into their possession and kept in their possession, care and custody as alleged in the complaint, the said property with knowledge and chargeable with knowledge that it had been so wrongfully and unlawfully seized and taken from the possession of her husband, and that plaintiff has duly demanded of them and each of them the return of the property and they and each of them have refused and continue to refuse to deliver the property to her, and that

with knowledge of the wrongful and unlawful seizure and taking of the property, they " acted together in continuity and in concert, wilfully and wrongfully to deprive " the. plaintiff of the property and of the use and benefit thereof, and have deprived her of the possession, use and benefit thereof, and that they have jointly and severally, wrongfully and unlawfully, retained and withheld the property from her and still continue so to do, and that the property is worth the sum of $7,399. Judgment is demanded against each of the defendants individually and in his official capacity as aforesaid, jointly and severally, adjudging that plaintiff is the owner and entitled to possession of the property, and that it be delivered to her forthwith, and in case possession thereof cannot be given, that she have judgment against the defendants jointly and severally both individually and in their respective official capacities for $7,399. The sole ground of the demurrer is that the complaint fails to state facts sufficient to constitute a cause of action against the appellant individually and as property clerk.

Section 1689 of the Code of Civil Procedure, which is in article 1 of title 2 of chapter 14, relating to the recovery of chattels, provides that nothing in that title is to be so construed as to prevent the plaintiff from uniting in the same complaint two or more causes of action in any case specified in section 484. Said section 484 permits, among other things, the joinder of two or more causes of action brought to recover " chattels, with or without damages for the taking or detention thereof." (See subd. 7.) Were it not for the official capacity in which the appellant received, held and delivered the property to his. successor in office, it is quite clear that the allegations of the complaint would be sufficient to show a cause of action against him for the conversion of the property, but the action is not in conversion and is only for the recovery of the possession of the property or its value, and the recovery of its value is only demanded as alternate relief in the event that possession of the whole or any part of the property cannot be had. Any cause of action plaintiff may have had for conversion is, therefore, waived. If it appeared that the possession of the property had been taken from the appellant by due process of law, an action for the recovery of the possession thereof

could not be maintained against him, but where, as here, it is alleged that with knowledge of the plaintiff's right to the possession of the property, he refused her demand for possession and wrongfully retained possession and delivered possession to his successor in office, unless protected by his office, he would still remain liable in an action to recover possession of the property, notwithstanding the fact that he has parted with possession; and that evidently is the theory on which the allegations with respect to his knowledge of plaintiff's rights, and wrongful refusal to recognize them and wrongful delivery of the property to another were inserted in the complaint, and not to afford the basis of an action for conversion. (*Vogel* v. *Badcock*, 1 Abb. Pr. 176; *Sinnott* v. *Feiock*, 165 N. Y. 444; *Barnett* v. *Selling*, 70 id. 492; *Dunham* v. *Troy Union R. R. Co.*, 3 Keyes, 543.) The demurrer does not require a decision or the expression of an opinion as to whether causes of action have been improperly united. The complaint shows that all of the defendants, with the exception of Sunderman, have parted with all custody and possession and control of and over the property to their successors in office, and it is to be inferred that the property is still held by the property clerk or assistant property clerk of the police department and that possession thereof can be acquired by the plaintiff if entitled thereto. If is, however, stated in respondent's points that the property has been lost by theft, but that is not shown by the record. The learned counsel for the appellant contends that the presumption of law in favor of the legality of the acts of public officials is not overcome by the allegations of the complaint, and that the property having been seized by police officers and delivered to the property clerk of the police department and no court order having been obtained requiring the delivery of it to the plaintiff, appellant was not only warranted in withholding possession of the property, but it was his duty so to do and to deliver it to his successor when he resigned. The statutory provisions cited in support of the contention are sections 331–333 of the Greater New York charter (Laws of 1901, chap. 466) and sections 685–691 of the Code of Criminal Procedure. Section 331 provides for the appointment by the police commissioner of some person as clerk to take charge of all property

alleged to have been stolen or embezzled and which is brought into the " police office," and all property taken from the person of a prisoner, and all property or money alleged or supposed to have been feloniously obtained, or which shall be lost or abandoned and taken into the custody of any member of the police force in the city of New York, and which shall come into the custody of any criminal court or any magistrate or officer, and provides for the description and registration of such property in a book to be kept by the property clerk, which shall contain " the name of the owner or claimant if ascertained, the place where found, the name of the person from whom taken, with the general circumstances, the date of its receipt, the name of the officer recovering the same, a description thereof, the names of all claimants thereto, and any final disposition of such property or money." The statute further provides that the police commissioner may prescribe regulations in regard to the duties of the property clerk. (See, also, Laws of 1917, chap. 400, amdg. said § 331.) Doubtless, as contended by counsel for the appellant, it was the duty of the property clerk to receive the property in the first instance, but counsel for respondent argues that he had no right to retain it as against the demands of the lawful owner after the trial and conviction of the plaintiff's husband, which so far as may reasonably be inferred from the allegations of the complaint, removed any further necessity for retaining the property as evidence.

Section 332 of the Greater New York charter provides that " Whenever property or money taken from any person arrested shall be alleged to have been feloniously obtained, or to be the proceeds of crime, and brought, with all ascertained claimants thereof, and the person arrested, before some magistrate for adjudication, and the magistrate shall be then and there satisfied from evidence that the person arrested is innocent of the offense alleged, and that the property rightfully belongs to him, then said magistrate may thereupon, in writing, order such property or money to be returned, and the property clerk, if he have it, to deliver such property or money to the accused person himself, and not to any attorney, agent or clerk of said accused person." Section 333 provides that if any claim to the ownership of property or money

brought before a magistrate as provided in section 332 shall be made on oath by or in behalf of any one other than the person arrested, and the accused shall be held for trial or examination, the property or money shall remain in the custody of the property clerk until the discharge or conviction of the person accused " and until lawfully disposed of." Section 334 provides, so far as here material, that all property or money taken on suspicion of having been feloniously obtained, or of being the proceeds of crime, and for which there is no other claimant than the person from whom it was taken, shall be transmitted as soon as practicable to the property clerk to be registered and advertised in the *City Record* for the benefit of all persons interested and for the information of the public " as to the amount and disposition of the property so taken into custody by the police." Section 335 provides that " If the property stolen or embezzled be not claimed by the owner, before the expiration of six months from the conviction of a person for stealing or embezzling it, the officer having it in his custody must, on payment of the necessary expenses incurred in its preservation, deliver the same to the property clerk. The property so delivered to said property clerk, and all such other property, securities, moneys, things or choses in action, that shall remain in the custody of the property clerk for the period of six months without any lawful claimant thereto, after having been advertised in the *City Record* for the period of ten days, may be sold at public auction in a suitable room to be designated for such purpose, and the proceeds of such sale shall be paid into the police pension fund." The section forbids the delivery of property " to the property clerk or at the central office of the police department, except as provided by law." After the action was commenced section 335 was amended so as to insert a proviso with respect to certain property, but the proviso does not embrace such property as that here in question. (See Laws of 1920, chap. 734.) Section 336 provides that if property or money placed in the custody of the property clerk shall be desired as evidence in a police or other criminal court, it shall be delivered to an officer presenting an order of the court therefor, but shall be returned to the property clerk " to be disposed of according to the previous provisions " of that chapter. (See Greater New York

Charter, chap. 8.)    Section 685 of the Code of Criminal Procedure provides that where property alleged to have been stolen or embezzled comes into the custody of a peace officer he must hold it subject to the order of the magistrate authorized by section 686 to direct the disposal thereof.  Section 686 provides that the magistrate before whom an information is laid or who examines the charge against the person accused of stealing or embezzling the property, may, on satisfactory proof of the title of the owner, order it to be delivered to the owner, unless its temporary retention be deemed necessary in furtherance of justice;  and authorizes the magistrate to require the owner to pay the reasonable and necessary expenses incurred in preserving the property, and provides that the order shall entitle the owner to demand and receive the property.  Section 687 requires a magistrate into whose custody stolen or embezzled property comes to deliver it to the owner on satisfactory proof of his title and on payment of the necessary expenses incurred in preserving it, unless its temporary retention be deemed necessary in the furtherance of justice.  Section 688 provides that if property stolen or embezzled has not been delivered to the owner, the court before which the trial is had for stealing or embezzling it, may on proof of his title order it to be restored to the owner. Section 689 relates to the disposition of the property stolen or embezzled and not claimed by the owner within six months after the conviction of a person for stealing or embezzling it. Section 690 requires a receipt to be given when money or other property is taken from a defendant arrested upon a charge of crime, but it does not apply to the city of New York.  Section 691 applies to New York city and is in substance the same as section 331 of the Greater New York charter and requires that a person be designated to take charge of all property alleged to have been stolen or embezzled " and which may be brought into the police office " or is taken from the person of a prisoner.

These statutory provisions were doubtless deemed sufficient to regulate the duties of the property clerk with respect to property coming into his custody.  For complying with them and in good faith performing his duties under them, reasonably and intelligently, he should not be and cannot be subjected

to liability. It is his duty to keep the property safely until it is disposed of as provided in the statutory provisions to which reference has been made, or until it is taken from him by a lawful writ or other process or claimed by one whose title or right to possession is uncontroverted, or if disputed, is duly adjudicated. It is manifest that he is not at liberty to surrender the property to any claimant at any or all times, and he should not be held liable in conversion predicated on his failure to deliver it to one claiming to be the owner but whose title is not clear, or is not satisfactorily established, or where it may still be required as evidence, or where there is another claimant; but these statutory provisions do not bar the ordinary remedy afforded to an owner to regain possession of his property, which is not held or temporarily required as evidence. (*Lynch* v. *St. John,* 8 Daly, 142; *Wagener* v. *Harriott,* 20 Abb. N. C. 283; *Simpson* v. *St. John,* 93 N. Y. 363; *Houghton* v. *Bachman,* 47 Barb. 388; *People ex rel. Simpson Co.* v. *Kempner,* 154 App. Div. 674.) It is perfectly plain, therefore, that it would require clear evidence of improper action on the part of the property clerk tantamount to bad faith or improper motives to render him liable for not delivering such property to one claiming to be the owner but not known to him to be the owner and entitled to possession and not presenting satisfactory proof thereof, and for requiring the order of a magistrate or court under the statutory provisions to which reference has been made or a writ of replevin or other process of the court or an adjudication of the title in the claimant if his title be controverted, before surrendering possession of the property thus coming to him in his official capacity. I am of opinion, however, that sufficient facts are alleged and admitted by the demurrer to sustain the action to recover the property or to recover its value from appellant, unless he shall be in a position to deliver possession to the plaintiff, on the theory that he parted with possession by wrongfully delivering the property to his successor in office with full knowledge that plaintiff was entitled to have the possession thereof delivered to her, and that he had wrongfully and without right refused her demand therefor. It stands admitted by the demurrer that the plaintiff's husband was the owner; that the property had been wrongfully seized and

taken from his possession and delivered into the possession of appellant, in violation of the provisions of section 335 of the Greater New York charter, hereinbefore quoted; that title thereto passed to the plaintiff under the assignment from her husband, and that she was entitled to the possession thereof when she demanded possession of appellant, and that he well knew that she was so entitled to possession; that his possession thereafter was wrongful and his delivery of possession to his successor was wrongful and in violation of her rights as owner. If the appellant can controvert those allegations, he should answer, joining issue thereon and presenting any defense he may have to the action.

The order should, therefore, be affirmed, with ten dollars costs and disbursements, but with leave to appellant to withdraw the demurrer and answer on payment of the costs of the appeal and motion.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to appellant to withdraw demurrer and to answer on payment of said costs and ten dollars costs of motion at Special Term.