In the Matter of the Estate of DORA PELTON YOUNG, Deceased.

Surrogate's Court, Sullivan County, January 2, 1934.

*Edward F. Ryan,* for the executor.

*Gregg & Feuchs,* for Lulu Patterson, an heir at law.

COOKE, S.    The last will of the deceased is as follows:

" In the name of God: Amen.    I Dora Pelton Young of the Town of Highland, in the County of Sullivan and State of New York, being of sound and disposing mind and memory, do make, publish and declare my last Will and Testament, in manner following that is to say:

" *First.* I direct all my just debts and funeral expenses be paid.

" *Second.* I give and bequeathe residue of money which may be on deposite in the First National Bank of Port Jervis, N. Y.

at the time of my decease or any other moneys which may accrue to my estate to Mrs. Nellie Holbert Randall of Lake Orion, Michigan.

" *Third.* That the first Parcel of Real Estate consists of the House and Lot known as the Pelton Homestead. That the second parcel consists of a house and lot east of the Pelton homestead. That the third parcel consists of a house and lot east of the aforementioned house and lot. All being in Minisink Ford Town of Highland, County of Sullivan and State of New York.

" *Fourth.* Excepting and Reserving the following provision; That in case of the death of Mrs. Nellie Holbert Randall before the death of the testator, all of the aforementioned property I will and bequeath to Miss Lou Smith of 35 Kirkwood Ave. Binghamton, N. Y. under the same conditions as above provided.

" *Fifth.* I will and bequeath my Piano to Dorothy Rosencranse of Binghamton, N. Y. to be removed after my decease.

" *Lastly.* I hereby appoint Edgar C. Twichell of Port Jervis, N. Y. executor of this, my last Will and Testament, with full power and authority to sell and convey, lease or mortgage real estate; hereby revoking all former wills by me made.

" In Witness Whereof, I have hereunto set my hand and seal the 17th day of January, in the year One thousand nine hundred thirty-three.　　　　　　　　" DORA PELTON YOUNG　[L. s.]

" H. E. TWICHELL

" Witnesses

　　" ERVIN H. WORZEL

　　" EDGAR C. TWICHELL "

The question presented is, did the decedent by her will dispose of her real estate, or did she die intestate as to it?

The fourth provision thereof says that in case of the death of Mrs. Nellie Holbert Randall before the death of the testatrix all the aforementioned property (which includes her real estate) she wills to Miss Lou Smith. Mrs. Randall survived the testatrix. The will was prepared by a layman in a rural section of Sullivan county. It is evident she intended to dispose of her real estate. To whom did she intend to leave it? There can be but one answer, viz., to Nellie Holbert Randall, if living at the time of her death, and if not, to Lou Smith. It is not only the presumption here, but it appears to be an established fact that decedent intended to dispose of all her estate. It seems from the will itself that there is a devise to Nellie Holbert Randall by implication.

" The raising of cross remainders by implication is not unusual, and where such an implication is justified by the language of the will and will accomplish the purpose of the testator, it is the duty of

the court so to construe the will as to give effect both to the statute and to his intention. (1 R. S. 748, § 2.) " (*Purdy* v. *Hayt*, 92 N. Y. 446, 454.)

" The case is one of a legacy by implication; that is, created, not by a direct or express gift, but inferred from language which shows an intention to give the legacy, and can have no other reasonable explanation. Instances of such legacies are not uncommon in the English reports, and a reference to some of them will disclose their general character and the rule of solution adopted." (*Matter of Vowers*, 113 N. Y. 569, 571.)

" This is a plain case of a devise by implication, whereby, upon the death of testator, his brother Peter became vested with the title to the real estate, subject, only, to the trust provision made for testator's widow. However incomplete the language to express the purpose of the testator, an intention and an understanding on his part are evident that his brother Peter should take, as devisee, the property which was the subject of disposition in that clause. What the testator has imperfectly done, by way of expression, is effectuated by the application of well-known legal rules. In the construction of a testamentary disposition, where the language is unskillful, or inaccurate, but the intent can be clearly collected from the writing, it is the duty of the court to give effect to that intent, subject only to the proviso that no rule of law is thereby violated. (1 R. S. 748, § 2; *Purdy* v. *Hayt*, 92 N. Y. 454.) Courts have, from an early day, repeatedly upheld devises by implication, where no gift of the premises seems to have been made in the will, in formal language. (*Goodright* v. *Hoskins*, 9 East, 306; *Jackson* v. *Billinger*, 18 Johns. 368; *Matter of Vowers*, 113 N. Y. 569.)

" They are justified in so doing whenever such a construction expresses what the testator manifestly intended to express." (*Masterson* v. *Townshend*, 123 N. Y. 458, 462.)

See *Matter of Galliën* (247 N. Y. 195, 200), where it is said: " One of the best known of those principles is that if two or more constructions are reasonably possible, the one that will sustain the validity of the will is to be preferred, generally speaking, to the one that will defeat it (*Roe* v. *Vingut*, 117 N. Y. 204, 212; *Phillips* v. *Davies*, 92 N. Y. 199; *Greene* v. *Greene*, 125 N. Y. 506, 512). The court struggles to preserve, and surrenders to nothing short of obvious compulsion. In the attainment of its end, it may ' reject words and limitations, supply them or transpose them, to get at the correct meaning ' (*Phillips* v. *Davies, supra;* cf. *Roome* v. *Phillips*, 24 N. Y. 463; *Miller* v. *Gilbert*, 144 N. Y. 68, 74)."

It has been held that to ascertain the intention of the testatrix extraneous and parol proof is admissible, not to supply, contradict,

enlarge or vary the written words but to reveal the situation of the testator's property at the time of his death, the condition of the beneficiaries and the circumstances surrounding the execution of the will, to consider the surrounding circumstances that culminated in the testamentary act.

As has been said in *Furniss* v. *Cruikshank* (230 N. Y. 495, 505): " The construction of every will depends upon the varying language used and the varying conditions surrounding the testator."

There is always a strong desire to ascertain, if possible, the testator's intent and purpose gathered from the will, the general situation surrounding her at the time and to endeavor to appreciate her frame of mind toward the scheme as disclosed by her will.

We have either one of two courses to pursue: Shall we give force and effect to the fourth provision or shall we disregard it? It was placed there for a purpose; it is not meaningless. We should adopt the course which is more reasonable, more probable and more likely and not grasp at improbabilities.

It is evident by the second provision of her will that she had Nellie Holbert Randall in mind. It appears from the fourth provision that in case Nellie Holbert Randall died before the testatrix all this property was given to Miss Lou Smith. What was to happen to this property in case Mrs. Randall survived testatrix? It seems hard to draw any other deduction than that she intended Mrs. Randall to have it. She had Nellie Holbert Randall in mind as to this provision because there could be no other probable reason why Lou Smith should get the property excepting by the death of Nellie Holbert Randall. If Nellie Holbert Randall were living when testatrix died, she was to get the property. If Mrs. Randall were dead at the time, then Miss Smith was to have it. It seems that this is the only reasonable inference to be drawn from the will. " The contrary cannot be supposed," and the implication drawn is irresistible.

" Legacy by implication. To uphold a legacy by implication the inference from the will must be such as to leave no uncertainty or hesitation in the mind of the court, and permit of no other reasonable inference. (*Brown* v. *Quintard*, 177 N. Y. 75, 84.) *Bradhurst* v. *Field* (135 id. 564) applies this to devises: ' To devise an estate by implication there must be so strong a probability of such an intention that the contrary cannot be supposed.' (*Post* v. *Hover*, 33 N. Y. 594.) Since an heir is not to be disinherited lightly, no implication so operating will be drawn unless by such plain and cogent inference as to be irresistible. (*Scott* v. *Guernsey*, 48 N. Y. 106; *Quinn* v. *Hardenbrook*, 54 id. 83; *Lynes* v. *Townsend*, 33 id. 558; *Matter of L. I. L. & T. Co.*, 92 App. Div. 5, 14.) So if a testator

after providing for enjoyment by A until majority of income of a fund gives the corpus to B if A does not live until such majority, a gift to A of the corpus at majority is implied. (*Hughes* v. *Stoutenburgh*, 168 App. Div. 512.)" (2 Jessup-Redf. Surr. § 923.)

" Bequests and devises by implication are not infrequent. Where land is devised to the heir after the death of A, although no specific life estate is conferred upon A, he takes one by implication." (3 Heaton Surr. [5th ed.] 390.)

The intention of the testatrix is ascertainable from the will itself beyond the realm of speculation and conjecture. It is difficult to take from some one property to which one feels he is justly entitled. That impulse is natural and should be given its proper consideration.

Extrinsic evidence was offered on the hearing as to what was said by the testatrix at the time of the execution of the will and no objection was made thereto. However, it would seem that this is not one of those cases where such evidence can be safely utilized. At any rate there is enough in the will itself and the surrounding facts and circumstances to dispose of this matter without considering anything which testatrix said at the time of its execution as to whom she desired to leave her property. Therefore, that testimony is disregarded at this time.

The decedent did not have any near relatives, only nephews and nieces. She was friendly with Mrs. Randall. The deceased lived in rather an isolated part of Sullivan county and Mrs. Randall visited her. From the will itself it appears whom she desired to have her property at her death. There are some general rules, such as giving effect to every part of the will if possible, testacy to prevail over intestacy total or partial, rectification of obvious error, etc., all of which lead to the upholding of this document and to giving effect to every part thereof.

It, therefore, appears that decedent intended to devise her real estate as set forth in her will to Mrs. Nellie Holbert Randall if she were living at the time of the death of testatrix. As Mrs. Randall was living at that time, decree may be prepared accordingly.

Decree may be agreed upon or settled on notice.