THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HOWARD MILLER, Defendant.

Court of General Sessions, New York County, April 3, 1934.

*William C. Dodge, District Attorney [Louis Capozzoli, Assistant District Attorney, of counsel], for the plaintiff.*

*William D. Bosler [John D. Lyons, Assistant Corporation Counsel, of counsel], for the defendant.*

*Larkin, Rathbone & Perry, for the Central Hanover Bank and Trust Company.*

*Mudge, Stern, Williams & Tucker, for the Chase National Bank.*

FRESCHI, J. Two cross-motions are here presented. The defendant seeks an order upon this motion requiring the property clerk of the police department to turn over to William D. Bosler, his attorney and assignee, the sum of eighty dollars now in possession of said property clerk. The second motion is made by the Chase National Bank of the City of New York for an order requiring payment of said amount, instead, to it.

The defendant has been convicted on his own plea of the crime of attempted grand larceny in the second degree, and he is now confined in State prison serving a sentence therein imposed by this court. The facts of the case are that the defendant stole from the Stanley Manufacturing Company in Philadelphia a check drawn by the McCrory Stores Corporation, through its trustee in bankruptcy, for $204 payable to the former. The payee's name had been changed by means of an erasure and it was then presented by defendant to the Chase National Bank of the City of New York with eighty dollars in cash in an endeavor to purchase fourteen twenty-dollar travelers' checks, when the forgery was noticed, resulting in the defendant's arrest. He confessed cashing two other checks amounting to $117.02 in the Chase National Bank, after presenting fictitious identification on November 16, 1933, and February 5, 1934, respectively. Another forged check for thirty dollars had been previously cashed for the defendant by the Central Hanover Bank on November 13, 1933. The arresting officer was told by the defendant that the eighty dollars which the defendant gave to the clerk of the Chase National Bank were the proceeds of his forgery. This latter sum was taken by the police at the time of the arrest from the Chase National Bank.

The claim has been filed on behalf of this bank with the property clerk for the eighty dollars in question upon the ground that the

" defendant is indebted to this bank for more than that sum," to wit, $117.02. Defendant presents an affidavit alleging that the bank has no legal right to the money now with the police department, and avers that no part thereof came from any of the banks mentioned. The property clerk has no personal interest in said eighty dollars, which he holds merely as a custodian in his statutory capacity, pursuant to section 331 et seq. of the Greater New York Charter; and he has advised the court that also the Central Hanover Bank has filed a claim against him for the identical moneys in question. In view of the conflicting claims of ownership, these motions must be denied. After a conviction, the property clerk has no claim to it as against the owner. (See Lynch v. St. John, 8 Daly, 142; Wagener v. Harriott, 20 Abb. N. C. 283; see, also, decision FRESCHI, J., filed under indictment No. 197558, People v. Miller, 150 Misc. 794.)

Ordered accordingly.